## FORD v. JEFFERSON COUNTY.

Where an account against a county, was rejected by the county court, from which decision, an appeal was taken to the District Court; and where the said county filed an answer in the District Court, pleading a set-off, and a former adjudication; and where the plaintiff moved to strike the answer from the files, for the reason that no pleadings can be filed after appeal, which motion was overruled by the court; *Held,* That the court did not err in refusing to strike out the answer.

## *Appeal from the Keokuk District Court.*

FORD filed with the county judge, an account against Jefferson county, the items of which are set down, amounting to fifteen thousand and one hundred and eighteen dollars and thirty-seven cents. The whole of the claim was rejected, and the plaintiff appealed. On the filing of the appeal in the District Court, the defendant county filed an answer, embracing a set-off, with their bill of particulars, amounting to twenty thousand and fifty-nine dollars and twenty-nine cents. The answer also sets up a settlement and payment, and pleads a former adjudication of the matters involved. The plaintiff moved to strike out the answer, upon the ground that no pleadings can be filed after appeal, which motion was overruled. From this decision, the plaintiff appeals.

*Charles Negus,* for the appellant.

*James F. Wilson,* for the appellee.

WOODWARD, J.[1]—The error assigned relates to the refusal to strike from the files, the paper called an answer. The question is, whether in this, and similar cases, any

---

[1] WRIGHT, C. J., having been of counsel, took no part in this case.

pleadings can be made in the District Court, after appeal. The commonly received doctrine, and one which has been recognized by this court, is, that unliquidated claims against a county must be presented to the county judge for allowance; and if rejected, the claimant must appeal, and cannot commence an action in the ordinary manner. Can a pleading be filed, or can the defendant answer in such cases, after appeal?

It is manifest that no answer or defence can be made when the claim is presented to the county judge. At that stage of it, the transaction is like presenting an account to an individual. The judge admits in full, or in part, or rejects. Then comes an appeal. Perhaps the plaintiff's argument is intended to be, that as there was no answer filed, (before the county judge perhaps,) the claim must be taken as admitted. But this is not so. There could be no answer made when the claim was before the judge. On his examination of it, or on his knowledge of it, he admits or rejects. When the cause comes into the District Court upon appeal, either the whole defence must lie open, without pleading to confine and govern it, or else pleading must be allowed after appeal—regarding the matter as a cause then commenced in the higher court. The statute is silent, and it is a subject for judicial construction. But it is to be remembered that it is possible for the pleadings to be either oral or in writing, as before a justice of the peace, or they may be thrown open, and stand unlimited, without any statement of them. It would seem that it was not a matter of complaint for the plaintiff, if the defendant has reduced his defence to writing, and set it down specifically and in order. And this is all that we are in reality called upon to decide. The question is not, whether the defendant *must* so answer, but whether, having so answered, the court erred in refusing to reject the answer. If rejected, what did the plaintiff expect? Was it that the cause would stand as one unanswered, or on default? This would not follow, but all matters of answer and defence would be open, undefined and unlimited. The question is *sui generis*. It is novel.

We will not at this time assume to determine whether the defendant *must* answer in such case, but will only say that the court did not err in refusing to strike out the answer.

Judgment affirmed.