Ruddick v. Vail.

*Wm. McClintock,* for the appellant.

*L. L. Ainsworth,* for the appellee.

RUDDICK *v.* VAIL.

Where a defendant in an action before a justice of the peace, after being duly served, makes default, and judgment is rendered against him, he cannot, on appeal to the district court, file an answer as a matter of right.

*Appeal from the Lee District Court.*

TUESDAY, OCTOBER 19.

The defendant was sued before a justice of the peace, upon a promissory note. Although duly served, he made default, and judgment was rendered against him. He appealed, and in the district court filed an answer, denying that he executed the note—denying indebtedness—and pleading fraud and want of consideration. The plaintiff moved that the answer be stricken from the files, and the motion was sustained. From this decision, the defendant appeals.

*McCrary & Bruce,* for the appellant.

*C. W. Lowrie,* for the appellee.

WOODWARD, J.—The defendant urges that he has a right to file an answer in the district court, originally, on an appeal from a justice of the peace. In the case of *Ford* v. *Jefferson county,* 4 Iowa, 566, this court held, that in an appeal from the decision of the county judge, refusing to allow a claim against the county, the county might put in an answer above. But that decision stands upon the peculiar nature of the proceeding. The claim is presented to the county judge for allowance, in the first instance, without suit. There is no service, and no appearance or default, as in ordinary actions. In fact, regarded as an action between parties, it commences with the appeal, and that is the first occasion on which the county could answer. That case furnishes no rule for ordinary suits between parties. In the case at bar, the defendant was served, and made default, and upon appeal, claims the right to answer. He shows no reason—offers no excuse—why he did not answer below. In view of sections 2343 and 2344 of the Code, and the possible implication contained in them, we are not prepared to say, that the defendant might not be

permitted to answer, under any circumstances; but we think that, at least, he should show some reason—some good excuse—why he did not answer before the justice. To come, as he now does, and simply file his answer as a matter of course, is wholly to overlook the fact of his default. And further, the justice is authorized to set aside a default, and yet, no reason is shown why an application was not made under this provision.

Under these circumstances, at the least, there was no error in sustaining the motion to set aside the answer, and the judgment is affirmed.