## MAY v. WILSON.

1. **Appeal:** PLEADING IN APPELLATE COURT. A party cannot, on appeal in the District Court, file additional or new pleadings as a matter of right; but he may be allowed to do so upon proper terms, but not without satis-factory evidence excusing his failure to plead before the justice.

*Appeal from Lucas District Court.*

THURSDAY, JUNE 28.

APPEAL FROM JUSTICE: NEW PLEADINGS IN DISTRICT COURT, &c. — Action before justice of the peace, where defendant prevailed. Plaintiff appealed to the District Court, and there recovered a judgment against defendant. Defendant now appeals to this court.

*F. M. Stuart* for the appellant.

*Perry & Townsend* for the appellees.

DILLON, J. — The first question presented is, did the court err in allowing the plaintiff to file *in the District Court* a replication denying the set-off filed by the defendant before the justice?

1. APPEAL: pleading in appellate court.

The plaintiff's action before the justice was upon a promissory note made by the defendant to the plaintiff, dated February 1, 1858. At the time fixed by the justice for trial, the plaintiff was not present, but the defendant appeared and pleaded a set-off for the value of a mare owned by the defendant and converted by the plaintiff to his own use. The justice allowed the set-off, and deducting from it the amount of the note sued on by the plaintiff, rendered judgment against the latter for the difference. The plaintiff appealed to the District Court.

In that court the plaintiff filed a reply wholly denying the set-off. He filed with the reply, his affidavit stating why he did not plead before the justice. These reasons therein given are in substance: that he gave the note with instructions to sue; that the justice, after eight or ten days, brought suit upon it, but did not give the plaintiff notice of the day of trial, nor did he know when the cause was

set for trial; did not suppose any defense would or could be made to it; or that defendant had any set-off or cross-claim against him; that he was not present at the trial; that he did not learn of said judgment until more than six days after its rendition; that when he learned of it he appealed, that the whole case including set-off, might ·be tried on the merits; that the set-off is unfounded and unjust, and the note in suit wholly due and unpaid.

The justice made an affidavit stating that the plaintiff left with him the note directing him to bring suit on the same; did not ask him to fix any day for trial or to notify him when the trial would take place; that at the time of the trial he did not know where the plaintiff was, but supposed he was in Wayne county, Iowa.

Under this showing, the District Court refused to strike the replication from the files, and the defendant assigns. this ruling as error.

We hold: 1st. That a party cannot in the District Court, on appeal, file additional or new pleadings as a matter of. right. 2d. That he may be allowed to do so under equitable circumstances, and upon proper terms, but not without satisfactorily excusing his failure to plead before the justice. That this court would so decide has been before intimated (*Ruddick* v. *Vail*, 7 Iowa, 44; *Leftwick and Barton* v. *Thornton*, 18 Id., 56), and the question is now ruled and settled. 3d. That the showing made in the case at bar was sufficient to justify the District Court in allowing the reply to be filed. No question was made as to the terms upon which it should have been allowed.

II. This suit was brought in August, 1865. The set-off claimed by the defendant was for the value of a mare claimed to have been received and converted many years before. The evidence tends to show the following state of facts, viz.: that May and Wilson are neighbors, living two or three miles apart; that in 1858, May bought the

mare in question of one Wiley Knight in good faith, and paid him for the same; that in a few days defendant claimed her of plaintiff, and soon afterwards brought replevin against plaintiff and Knight; failed on demurrer and the mare was restored to plaintiff. Defendant's evidence tended to show that Knight had purchased the mare of him conditionally only, and had never performed the condition or ever paid him for her; that in 1860, or 1861, plaintiff sold the mare to a third person; that in April, 1861, defendant sued Knight for the value of the mare, alleging that he had, in 1858, "sold and delivered" her to Knight. This suit was afterwards dismissed at Wilson's cost.

The jury found for the plaintiff upon his note, and against the defendant on his set off. Defendant moved for a new trial, on the ground that the verdict was not warranted by the testimony, and because the court erred in its instructions to the jury.

Respecting the first point, we need only remark that the long delay, taken in connection with the suit against Knight for the value of the mare, Wilson alleging, with full knowledge of all the facts, that he had *sold and delivered* her to Knight, justified the verdict. At all events, it was not so clearly against the evidence as to warrant us in reversing the ruling of the District Court, denying a new trial, for this reason.

Respecting the error in the instruction, the defendant's attorney, in his argument, relies solely upon certain instructions *given* by the court. The record does not show that these were excepted to, and hence we cannot review them. Certain instructions asked by defendant, and *refused*, were excepted to, but defendant's counsel has made no argument to show them to be erroneous, and they seem to us to be correct.

Affirmed.