## NETTMAN v. SCHRAMM.

1. **Amendment:** AFTER APPEAL FROM JUSTICE. Where after an appeal from a judgment of a justice, the District Court allowed the defendant to amend his answer, pleading a former adjudication, not pleaded below; it was held that such action was not erroneous.

2. **Executor:** LIABILITY OF CO-EXECUTOR. L. and S., executors of N., deceased, went together to a bank to obtain some money that had been deposited there by the decedent, and then and there gave a *joint receipt* for the whole amount, and directed the bank to pass one-half thereof to the credit of L., and the other half to S., which was done. The money was not drawn out of the bank, and neither party afterward ever had any actual possession of the one-half that was transferred to the credit of the other. S. fully accounted for the share he received, but L. did not for that he received. It also appeared in evidence that on a former citation the executors filed before the County Court an account in which they charged themselves with having received the full amount of the bank deposit. *Held*, that S. was not liable for the defalcation of L., in view of section 2467 of the Revision, which provides that one of several executors may receive and receipt for money in his own name only, in which case his co-executor shall not be charged therewith, except so far as the same is shown to have come into his hands. Thus held, by reason of the judgment below being affirmed in consequence of this court being equally divided in opinion.

*Appeal from Des Moines District Court.*

MONDAY, DECEMBER 23.

THE defendant Schramm and one Leopold, were appointed by the county court of Des Moines county, executors of the estate of Charles Nettman, deceased, and executed a bond, joint and several in its terms, conditioned faithfully to discharge the duties imposed on them according to law.

This was a proceeding originally commenced in the County Court to compel the executors to account. Leopold was not found. Schramm defended on the ground that

he had fully paid over all moneys which had come into his hands. The County Court so found and discharged him.

Plaintiffs, who are the heirs and legal representatives of the said Charles Nettman, deceased, appealed to the District Court.

Upon a trial in that court, judgment was also rendered in favor of Schramm, and the plaintiffs prosecute the present appeal.

*J. C. & B. J. Hall* for the appellants.

1. The essential conditions under which the doctrine of *res adjudicata* becomes applicable, are the identity of the *thing* demanded, the identity of the *cause* of the demand, and of the *parties* in the character in which they were litigants. *Washington, etc., Co. v. Sickles et al.*, 24 How. 342; *Cornwall v. Wallace*, 17 Iowa, 374; *Carmony v. Hoober*, 5 Barr, 305.

It is not sufficient that under the pleadings, the matter *might* have been adjudicated. It must have been. *Jarvis v. Talcott*, 14 Barb. 611; *Washington, etc., Co. v. Sickles*, 24 How. 345.

There is probably no legal question more definitely settled or better established, than that parol evidence is admissible, under the plea of *res adjudicata*, to show exactly and precisely what the court adjudicated — what issue was tried, passed upon, and what not. 3 C. & H. N. Phil. Ev. ch. 2, n. 590, p. 334; *Wood v. Ziegler*, 16 Seay. & R.; *Wood v. Jackson*, 8 Wend. 9; *Phillip v. Berrick*, 16 Johns. 136; *Hale v. Andrews*, 6 Conn. 225; *Squires v. Whipple*, 2 Vt. 111, 114; *Ezzelle v. Walker*, 6 Ga. 495; see Senator SEWARD's opinion in *Wood v. Jackson*, 8 Wend. 9; *Ingram v. Morton*, 18 Mo. 53; *George v. Gillespie*, 1 Greene, 424.

2. Under the English authorities, the mere signing the receipt makes Schramm accountable for the whole. The rule has met with opposition at different times, but has stood all attacks, and is now firmly established.

It is said, however, that the rule is not universally established in America. Story Eq. Jur. § 1281. But an examination of the American authorities quoted by that author will be found not to apply to receipts given under the circumstances of this case.

It is not strange that there should be manifested a disposition to challenge the idea that an executor, any more than any other trustee, should be held accountable for assets that never came in any sense under his control, and for which he had executed a mere formal receipt. But if such receipt enabled the co-executor to receive the funds, or if it gave them both control over the fund; if the fund *in solido* came into their joint custody and control, and they afterward divided it, there is no question whatever that they are both accountable for the whole. This is conceded in those cases even which oppose the English rule. In such a case trustees would be held to answer, *in solido*. *Westley* v. *Clark*, 1 Eden, 357.

Even in the celebrated case of *Monell* v. *Monell* (5 Johns. Ch. 296), the chancellor quotes with approbation the case of *Gill* v. *Attorney-General*, in which Hale says: "If by agreement between two executors one is to recover and intermeddle with such part of the estate, and another with such a part, each shall be answerable for the whole." *Hardres*, 314.

This case is identical. The conduct of Schramm and Leopold at the bank shows that they had previously come to an understanding that they would divide the funds, one taking one part and the other the other part.

In this case the giving of the receipt is conclusive, because it brought the whole fund into the joint control of

each executor. Without further directions it would have remained to their joint account, subject to their joint orders or checks. Until the directions to divide the fund had been given and it had been divided, in whose control and custody was the fund? Not that of one more than the other. When the money was under the control of both executors, though not actually received by both, they are liable. *Joy* v. *Campbell*, 1 Sch. & Lef. 341; *Monell* v. *Monell*, *ubi supra.*

If one executor direct money to be paid to his co-executor both are liable, so if the receipt amounts to such a direction. *Monell* v. *Monell*, *ubi supra.* An executor cannot discharge himself by paying over funds in his hands to his co-executor. *Edmonds* v. *Cronshan*, 14 Peters, 166. And if the executor is so situated that he can direct another to pay money to his co-executor, it is but paying it to himself.

We are strongly inclined to think that section 2467 of the Revision keeps in force the English rule on this subject of joint receipts. It requires the executor to give receipts in his own name only, and if he does so, this shall not charge his co-executor. But if he does not, if they both join, the fair implication is, that both must be accountable. It seems to be a matter of public policy to avoid confusion in the settling of estates. See farther upon this subject: 1 Parsons on Contracts, 28; Toller's Law of Ex. 482, 483; Story Eq. Jur. § 1280 *et seq. et notes.*

*Tracy & Newman* for the appellee.

Schramm, the defendant, is not liable as executor of the estate of Nettman for the money belonging to said estate which his co-executor, Leopold, received.

Schramm is not liable any farther than his bond and the laws under which it was executed make him liable;

by his bond he undertook faithfully to discharge the duties imposed on him by law according to the best of his ability. Revision, 1860, § 2348.

And what duties did the law impose upon him? The duty of faithfully accounting for and paying over all moneys coming into his hands. Rev. 1860, § 2467; *Gault* v. *Nolan*, 33 Miss. (4 Geo.) 569; *Kerr* v. *Waters*, 19 Id. 136.

The receipt given to the bank is only *prima facie* evidence of what is expressed upon its face. It is subject to explanation, and in this case the explanation is consistent with the defense set up by Schramm. He, in fact, did not receipt for but one-half of the money that was in bank. He, in fact, only received the one-half. He could not have received more if he had desired it. Leopold was there to receipt for and receive the other half. Schramm faithfully accounted for and paid over every dollar he received. *Douglas* v. *Saterlee*, 11 Johns. (N. Y.) 20.

DILLON, J.— Against the plaintiff's objection, Schramm was allowed to amend his answer after appeal to the District Court. This amendment pleaded a former adjudication. We agree in holding that the court did not err in allowing the amendment to the answer, or in other words, permitting a pleading to be filed in the District Court setting up an additional reason why defendant was not liable. We also agree in holding that this additional defense was not established by the evidence. So that the cause stood in the court below and now stands in this court for determination upon its merits.

1. AMENDMENT: after appeal from justice.

The further material facts appear in the written agreement of the parties as follows: " It is agreed that Chas. J. J. Leopold and J. S. Schramm were qualified as the executors of Charles Nettman,

2. EXECUTOR: liability of co-executor.

deceased, and on the 4th day of November, 1858, they went together to the bank of Messrs. Coolbaugh & Brooks, in Burlington, Iowa, to obtain the balance of money deposited with said bank by the decedent. That, after ascertaining the amount, they then and there gave a joint receipt for the whole amount, viz., $1763 12, and directed the bank to pass one-half thereof, viz., $881.56, to the credit of said Leopold, and the other half thereof to the credit of the said Schramm, which was done. The money was not drawn out of the bank, and except as above, neither party ever had any actual possession or control or custody of the one-half that was transferred to the other's credit. That Schramm has fully accounted for the share which he received, but Leopold did not account for the share which he received."

It also appeared in evidence that the county judge had never given the said executors any directions concerning the money in the bank, and that the only paper he gave them was their letters of administration.

It also appeared in evidence that on a former citation in A. D. 1860, to the executors (the said Leopold and Schramm), they appeared before the county judge, and filed an account as follows : " Estate of Charles Nettman, deceased. Charles J. J. Leopold and J. S. Schramm, as executors of said estate, charge themselves as follows :

" May 8th, 1860. To amount received of Messrs. Coolbaugh and Brooks, bankers, on deposit, $1763.12."

This account was, on paper, produced in evidence from the files of the County Court. The defendant, Schramm, testified on the present trial " that he did not remember that he had ever seen the said account on paper." Upon this evidence the District Court decided in favor of the said Schramm. The correctness of this decision is the question presented upon the present appeal. Although the cause has been twice argued before this court, the

judges thereof have been unable to agree in opinion respecting it. Section 2467 of the Revision provides as follows: "One of several executors may receive and receipt for money. Such receipt shall be given by him in his own name only, and he must individually account for all money thus received and receipted for by himself; and this shall not charge his co-executors, except so far as it can be shown to have come into his hands."

Chief Justice·Lowe and Mr. Justice Cole, are of opinion that upon the foregoing facts the defendant Schramm is not liable.

Justices Wright and Dillon are of the opposite opinion.

In consequence of this equal division of the court the judgment of the District Court by operation of law stands

Affirmed.