## WARREN v. SCOTT et al.

1. Amendment: AFTER APPEAL. After appeal to the circuit court from a judgment of a justice of the peace, a party cannot, as a matter of right, file additional or new pleadings. He may, however, be allowed to do so under equitable circumstances and upon proper terms, after satisfactorily excusing his failure to plead before the justice.

2. —— The showing of equitable circumstances or the excusing of the failure to plead before the justice, are obviated by an agreement of the parties, stipulating that either may amend his pleadings by a certain day of the term.

3. Demurrer: WAIVER OF RULING. By going to trial on the merits, the plaintiff waives the right to object to a ruling of the court upon a demurrer to the defendant's answer.

4. Promissory note: DEFENSES. A note payable " to the bearer A." is not a note payable to bearer, but a non-negotiable note, liable in the hands of the holder to any defense to which it would have been subject in the hands of the payee.

*Appeal from Tama Circuit Court.*

THURSDAY, JUNE 22.

ACTION before a justice of the peace upon a note, as follows :

"$84.00.                    TAMA CITY, *June* 27, 1870.

" SEPTEMBER 15. — After date we promise to pay to the bearer, M. C. Murdough, $84, at Tama City, with ten per cent interest, value received.

"JOHN H. SCOTT,
"R. H. BELKNAP."

Judgment for plaintiff. Upon appeal to the circuit court, the cause was tried by jury, and verdict and judgment were rendered for defendants. Plaintiff appeals. The necessary facts appear in the opinion.

*Stivers & Safely* for the appellant.

*C. B. Bradshaw* for the appellees.

DAY, Ch. J.—I. In the justice's court the defendants made oral pleas, denying that plaintiff was the owner of the note **1. AMENDMENT;** or had any interest therein, and alleging that, *after appeal.* prior to the commencement of the suit, no indorsement or other assignment of said instrument was made to plaintiff or to any other person. Upon the first day of the term of the circuit court the parties, through their respective attorneys, filed in the cause a stipulation, as follows : "It is hereby agreed by and between the parties to this suit, that the above cause shall stand for trial on Thursday morning, 19th of January, 1871, and shall not be taken up before that time ; and in case plaintiff amends petition, he is to amend or substitute by Tuesday noon, the second day

of the term; and, if defendant amends answer, he is to amend by Wednesday noon, third day of term." ·On the morning of the third day of the term of ·court, it was agreed by and between the parties, in open court, that the time mentioned in the stipulation aforesaid, in which either party should amend pleading, should be extended to Friday morning, the fifth day of said term of court. On the morning of the fifth day of the term the defendants filed an amended answer, alleging in substance that the note sued on was given to M. C. Murdough, in part payment of a Marsh harvester, which said Murdough, as the agent of one E. H. Gammon, sold and delivered to defendants, and warranted in writing as follows:

" The Marsh harvester is warranted to be well made, of good material, and, when properly used, is not liable to get out of repair; to be a good grain-cutting machine, upon which two experienced binders will bind as much grain in one day as they could on the ground in two days; or, that it saves one-half the labor in binding the grain, and one man in raking off. When the machine is put in operation, if it shall fail to perform as warranted, it shall be the duty of the purchaser to notify us or our agents immediately of the fact, and to allow sufficient time to send a man and put it in order; then, if it does not work, and the fault is in the machine, it will be taken back and the money refunded, or that part of it which proves defective will be replaced, or a perfect machine given in its place.

"E. H. GAMMON."

That the machine did not comply with the warranty; that M. C. Murdough, the agent of E. H. Gammon, was duly notified of the fact, and, though sufficient time was allowed, that he failed to put the machine in working order; that, on the 13th of August, 1870, defendants returned and tendered said harvester to said agent, and that he refused to receive the same. The plaintiff moved the

court to strike said amended answer from the files, upon the following grounds: "The said additional answer sets up an entirely different defense from that relied upon in the court below. The stipulations upon which defendants rely, and filèd with the papers in this case, gave the defendants privilege of filing an amended answer, provided plaintiff filed an amended petition, and on no other condition. Said stipulation was, that if plaintiff filed an amended petition they, defendants, might file an amended answer; and it was no where, nor at any time, agreed that defendants might file an additional answer. The said additional answer is no amended answer, but an entirely new defense. The said answer was not filed within the time set in said stipulation.

The overruling of this motion is the first error assigned. A party cannot, on appeal, file additional or new pleadings in the circuit court as a matter of right. This the defendant concedes. He may, however, be allowed to do so under equitable circumstances and upon proper terms, after satisfactorily excusing his failure to plead before the justice. *May* v. *Wilson*, 21 Iowa, 79. The necessity for showing such equitable circumstances, or excusing the failure to plead before the justice, was obviated in this case by the agreement of the parties stipulating that either might amend his pleadings by the morning of the fifth day of the term. The agreement does not warrant the construction contended for by appellant, that the privilege of filing an amended answer was conditioned upon the plaintiffs filing an amended petition. This construction would make the agreement beneficial to the plaintiff only. Under it the defendant would acquire no rights not possessed without it, for, if the plaintiff amended his petition, the defendant, without the agreement, would have had the right to amend his answer. The answer is covered by the agreement stipulating for the filing of an amended answer, notwithstanding it sets

up a distinct and additional defense. *Williams* v. *Miller*, 10 Iowa, 345. It is no objection to the answer that it sets up a defense not relied on in the justice's court. It was filed under an agreement. There is nothing in the Revision inhibiting a new defense, when an amended pleading is permitted to be filed in the appellate court. The only restriction is, that no new demand or set-off shall be introduced unless by mutual consent. Rev., § 3933. As technical precision is not required in pleadings in a justice's court, the only necessity for an amended pleading upon appeal would, ordinarily, be to interpose a defense not insisted upon there. The answer was filed by the time stipulated. We think the court properly overruled the motion to strike it from the files.

II. The plaintiff's demurrer to the answer was overruled, and this action of the court he assigns as error. By going 3. DEMURRER: to trial upon the merits he waived his right waiver of rul-ing. to have this action of the court reviewed. *Wilcox* v. *McCune*, 21, Iowa, 294; *Finley* v. *Brown*, 22 id. 538.

III. The plaintiff objects to various instructions of the court. The first three instructions simply define the 4. PROMISSORY issues, and contain nothing erroneous. The NOTE: defenses. fourth instructs the jury that the burden of proof is upon the defendant, and is proper and beneficial to plaintiff. The fifth and sixth instructions are as follows : " The assignment of the note may be by parol ; and, if the note in question was assigned to the plaintiff by parol, he can maintain suit thereon, subject to any defense the defendants may have by reason of any of the alleged breaches of warranty set forth in their answer." " The note in question not being what is known as a negotiable note, it is, in the hands of the plaintiff, subject to the same defense as it would have been in the hands of the original payee thereof. " There is no error in these instructions. The note is not payable to bearer generally, but to a particular

bearer, M. C. Murdough. Its legal effect is the same as though the word "bearer" had been omitted. It is not negotiable, and hence is subject to any defense arising out of the transaction attending its execution, which would have been available against the payee. To the remaining instructions it is objected that they leave it in doubt whether the matters alleged by defendants are to be treated as a defense or a counterclaim—that in one part of the instructions it is called a defense, and in another a counterclaim. We fail to discern how the mere *misnomer* of defendants' answer has worked substantial prejudice to the plaintiff. Lastly, it is claimed that the instructions erroneously assume that notice to Murdough, of the failure of the harvester, was sufficient. There was no conflict of testimony as to Murdough's agency, that he sold the machine, and, upon notice of its defects, sought to repair it. Besides, having sold the machine with written warranty and taken a note payable to himself, he was a proper party to notify of defects, in order that he might amend them, or, failing to do so, lose his right of recovery upon the note.

We are satisfied with the trial below and with its result.

Affirmed.