## GRISWOLD v. BOWMAN ET AL.

Appeal: JUSTICE'S COURT: PLEADING. There is no fixed legal right to file an answer or other pleading in a cause appealed from a justice's court and pending above; the leave to file, even upon cause shown, is a matter of discretion.

*Appeal from Mitchell District Court.*

FRIDAY, APRIL 23.

THIS action was originally brought before a justice of the peace to recover $70.66, which the plaintiff alleged he had

paid for the use of the defendants, J. A. Bowman, Henry Lezotte and Michael Keefe, partners, under the firm name of Bowman, Lezotte & Keefe. The defendants appeared before the justice, and filed an answer, setting up the defenses of fraud and failure of consideration, etc., etc. After a. protracted trial, the justice rendered judgment for plaintiff for the amount claimed. The defendants appealed to the Circuit Court, and a change of venue was had to the District Court. The defendants filed a new answer, stating an equitable defense, counter-claim, etc., and the District Court struck the same from the files, on the motion of plaintiff. From this order the defendants appeal to this court.

*Foreman, Ryce & Brown*, for appellants.

*D. W. Poindexter* and *S. Murdock*, for appellee.

COLE, J.—The plaintiff and the defendant, Bowman, were formerly partners in the ownership and operation of a steam mill and the business connected with it. The plaintiff sold his interest to the defendants, and they were to pay the debts of his firm. This action was brought to recover the amount paid by plaintiff on one of those debts. Before the justice, the defendants set up alleged misrepresentations as to the amount of debts, property, etc., and a trial was had, resulting in a judgment for plaintiff. After the cause was appealed and transferred to the District Court, the defendants filed another answer, setting up an equitable defense and cross action, alleging the fraudulent representations, etc., and asking the rescission of the contract of the sale by plaintiff to them of the real estate, mill, business, etc., and for the repayment by plaintiff to them of $1280, advanced by them on the contract, etc., etc. The court found, as a fact, that this answer was filed without plaintiff's consent, and on his motion struck it from the files, and hereon, only, error is assigned.

The court did not err in striking the answer from the files. The appeal was not taken from a judgment by default, and hence Code, § 3596, has no application to the case. This court has uniformly held that there exists, under our law, no

fixed legal right to file a further answer or pleading in a cause after it has been tried before a justice and is pending on appeal in the Circuit or District Court; but that the leave to file, even upon cause shown, is a matter of discretion. *Ruddick v. Vail*, 7 Iowa, 44; *Dunton v. Thorington et al.*, 15 Iowa, 217; *Leftwick el al. v. Thornton*, 18 Iowa, 56; *Stanton v. Warrick*, 21 Iowa, 76; *May v. Wilson*, Ib., 79; *Nettman v. Schramm*, 23 Iowa, 521; *Warren v. Scott et al.*, 32 Iowa, 22, and many other cases. There was certainly no abuse of discretion in this case, when the answer set up a claim for a rescission of a contract for the sale of real estate, a matter over which the justice had no jurisdiction. See *Dicks v. Hatch*, 10 Iowa, 380. The prevention of a multiplicity of suits would be practically as much effectuated by an independent action upon the matter set up in the answer and cross action, as by allowing the filing of them in this action.

AFFIRMED.