(33 Misc. Rep. 594.)

BLOOMINGDALE v. NATIONAL BUTCHERS' & DROVERS' BANK.

(Supreme Court, Appellate Term. January 10, 1901.)

1. BILLS AND NOTES—NEGOTIABILITY—CHECKS.

A check payable to the order of a particular bearer is not, in legal effect, payable to bearer, and hence is not negotiable without the payee's indorsement.

2. BANKS AND BANKING—FORGED PAPER—PAYMENT.

Where a check held by a bank under a forged indorsement is paid by the drawee in ignorance of the forgery, he is entitled to recover from the bank the amount paid thereon.

3. SAME—ACTION BY DRAWEE—TRIAL.

In an action against a bank to recover the amount paid to it on a check payable to the order of a particular bearer, and having a forged indorsement, a refusal to submit to the jury the question whether the maker intended that the check should be payable to bearer was proper, where the payee was a real, and not a fictitious, person.

4. SAME—PLEADING—PROOF.

In an action by a drawee against a bank to recover the amount he had paid to it on a check having a forged indorsement, it was proper to exclude evidence showing a reimbursement to the maker by the forger, where such defense was not pleaded.

Appeal from municipal court, borough of Manhattan.

Action by Lyman G. Bloomingdale against the National Butchers' & Drovers' Bank to recover money paid out on checks on which the indorsements were alleged to be forged. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Henry V. Kennedy (Henry H. Goldfogle and Alfred D. Lind, of counsel), for appellant.

Horwitz & Samuels (Otto Horwitz, of counsel), for respondent.

PER CURIAM.[1] The checks in suit were payable "to the order of bearer, B. Cohen," and "to the order of bearer, Ennulot," respectively, and it is claimed by the appellant's counsel that such checks are, in legal effect, payable to bearer, and hence were negotiable. We cannot, however, yield our assent to this proposition. The checks were not, as claimed, payable to a bearer "generally," but to a particular bearer,—one to B. Cohen, and the other to Ennulot,—and therefore were not negotiable without the indorsement of the payee thereon. 1 Daniel, Neg. Inst. (4th Ed.) § 105; Tied. Com. Paper, § 243; Warren v. Scott, 32 Iowa, 22. See Neg. Inst. Law, §§ 27, 28. The rule applicable to this question is stated by Daniel in his work on Negotiable Instruments in these words (section 105):

"If the bill or note be payable 'to the bearer, A.,' it is the same as if simply payable to A., and is not negotiable. But, if payable to A., or bearer, it is the same as if payable to bearer; and so if payable to A., or holder."

The uncontradicted proof shows that the checks were payable to real persons who had rendered services to the maker as tailors, and they were signed by him upon the representation of the forger that each of the payees was entitled to receive the amount of the check for work actually performed. The forger testified that, instead of delivering the checks to the payees, he indorsed their respective names thereon, and got one Aaron Zwerdling to cash them; that he gave no part of the moneys so obtained to the payees, or either of them; and that he had no authority from either of them, or the maker, to indorse the checks. Zwerdling, on the other hand, testified that he cashed the checks for the payees; but they denied indorsing them, or receiving any part of the sums for which they were drawn. The jury resolved the conflict of testimony in favor of the plaintiff, and we think, upon a careful examination of the record, that they were warranted in finding—as must be assumed from their verdict they did find—that the indorsements were forged. Forgery of such indorsements being thus established, title to the checks in controversy did not pass; and the plaintiff, having paid the amount thereof to the defendant in ignorance of the facts, is entitled to recover back the moneys so paid. Citizens' Nat. Bank of Davenport v. Importers' & Traders' Bank of New York, 119 N. Y. 195, 23 N. E. 540.

[1] Opinion rendered by the associate justices after the death of Presiding Justice Beekman.

The counsel for the appellant urge that the trial justice erred in refusing to submit to the jury the question of the intent of the maker as to whether the checks in suit should or should not be payable to bearer. We think such refusal was proper. The rule invoked by the appellant's counsel applies only to a case where the maker knows the payee to be fictitious, and actually intends to make the paper payable to a fictitious person. Shipman v. Bank, 126 N. Y. 318, 330, 27 N. E. 371, 12 L. R. A. 791. Here we have no such situation.

Counsel for the appellant contend, finally, that the trial justice erred in sustaining an objection to a question put to the maker on cross-examination with a view of showing reimbursement to him by the forger. But such defense was not pleaded, and hence the evidence was properly excluded.

The judgment must, therefore, be affirmed, with costs.