## Haggard v. Mutual Oil & Refining Company.

(Decided July 1, 1924.)

## Appeal from Clark Circuit Court.

Bills and Notes—Check Payable Simply to Payee Not Negotiable —Check payable simply to payee, the words "or bearer" being stricken, is not negotiable, and one to whom check is assigned takes subject to all defenses available between original parties, in view of Negotiable Instruments Act, sections 1, 8, 185.

HAYS & HAYS and RODNEY HAGGARD for appellant.

JAMES PARKS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The single question presented by this appeal is whether or not the following check is a negotiable instrument:

"Winchester, Ky., July 10, 1920.

"$2,500.00

"THE WINCHESTER BANK,
of Winchester, Ky.

"Pay to Arco Refinery Construction Co. (The printed words "or bearer" in the form used had been stricken out by a line drawn through them.) Twenty-five Hundred and no/100 Dollars.  For a/c Constructing Refinery, switch & loading racks, Win., Ky.

"MUTUAL OIL & REFINING CO.,
By C. L. Bell, Pres."

Subsection 1 of section 3720b, which is the Negotiable Instruments Act, provides that:

"An instrument to be negotiable must conform to the following requirements: . . . (4) Must be payable to the order of a specified person or to bearer."

Since, as the check itself shows, and as is admittedly true, the maker, in issuing the check, drew a line through the printed words "or bearer," we need only to examine it to ascertain whether or not it was "payable to the order of a specified person," for unless so, it lacked one of the essentials prescribed for negotiability.

Subsection 8 of the act (section 3720b-8 of the statutes) defines when an instrument is payable to order as follows:

"The instrument is payable to order where it is drawn payable to the order of a specified person or to him or his order."

It will be noticed that the above check is not payable to the order of the payee, nor to the payee or its order, but is payable simply to the payee. It therefore seems to us too clear for dispute that this check is not payable to order, and is, therefore, as the lower court held, not negotiable.

In other words, we think it is clear that subsection 8 means, as it says, that the instrument must be payable either (1) to the order of the payee, or (2) to the payee or order, and that it does not permit of the construction that the instrument may be payable (1) to the order of the payee, (2) or to the payee, or (3) to his order.

To give the section the latter of these two constructions rather than the former makes the first and third alternatives identical, and this plainly was never intended. Not only is this conclusion unavoidable from a consideration simply of the language of the section, but is has uniformly been so construed by this and other courts. Wettlaufer v. Baxter, 137 Ky. 362, 125 S. W. 741; Kerr v. Smith, 142 N. Y. S. 57; Johnson v. Lessiter, 155 N. C. 47, 71 S. E. 23; Gilley v. Harrell, 118 Tenn. 115, 101 S. W. 424; Cowan v. Hallack, 9 Colo. 572; Fawsett v. U. S. Nat. L. Ins. Co., 97 Ill. 11, 37 Am. R. 95.

In England and Canada the rule is otherwise, but this is due to the fact that the Bills of Exchange Act expressly provides that a bill or note is payable to order where expressed to be payable to a particular person and not containing words prohibiting transfer or indicating an intention that it should not be transferable. 8 C. J. 153.

Counsel for appellant concede that this section has been construed by this court and others in the above cases to require the use of the words "order, or bearer," or other words of similar legal import in order to make a note or other bill negotiable, but they insist that there is such a material difference between a note and a check as that these cases are not applicable to one in which, as here, the bill is a check.

But in this they are clearly mistaken. Section 185 of the act expressly declares that a check is a bill of exchange payable on demand, and that, except as otherwise therein provided, the provisions of the act applicable to a bill of exchange payable on demand shall apply to a check, and as it is not otherwise therein provided, it is clear that sections 1 and 8 of the act apply to a check as well as to any other bill of exchange, and to be negotiable it also must employ some such words as "order" or "bearer" indicating negotiability.

It results therefore that a check, just as any other bill of exchange that is made payable simply to the payee and not to his order or to bearer, is not negotiable, and that appellant, to whom this check was assigned by the payee, took same subject to all defenses which were available between the original parties.

The lower court therefore did not err in overruling appellant's demurrer to appellee's answer pleading want of consideration, etc., or in dismissing his petition upon his refusal to reply thereto.

Judgment affirmed.