[No. 22309. *En Banc.* December 4, 1930.]

NORTH AMERICAN BOND AND MORTGAGE COMPANY, Appellant, v. JOHN TWOHY, *Respondent.*[1]

[1]Reported in 293 Pac. 717.

*John King,* for appellant.
*Garrecht & Twohy,* for respondent.

PARKER, J.—This action was commenced in the superior court for Spokane county by the plaintiff mortgage company, seeking recovery against the defendants Widrig and Twohy upon a negotiable promissory note signed by Widrig and a guaranty signed by Twohy, which, it is claimed, was a guaranty of the note signed by Widrig. Trial upon the merits in that court, sitting without a jury, resulted in findings and judgment absolving Twohy from liability, from which the mortgage company has appealed to this court.

The note in question was, by indorsement, duly transferred to and became the property of the mortgage company before maturity and before the commencement of this action. It reads as follows:

"$9,000                    Los Angeles, California
                              November 18, 1925
"In installments and at the times hereinafter stated, for value received, I promise to pay to the order of Christine Hough at main office First National Bank of Los Angeles, California, the principal sum of nine thousand dollars, without interest. Said principal sum payable in installments as follows, to wit:

"24 installments of $150 each on the first day of each and every month, beginning on the first day of December, 1926;

"24 installments of $125 each on the first day of each and every month, beginning on the first day of December, 1928;

"Thereafter installments of $100 each on the first day of each and every month, beginning on the first day of December, 1930, and continuing until said principal sum has been fully paid.

"Also costs of collection and reasonable attorney's fees in case this note be not paid at maturity. Should default be made in the payment of any installment of principal when due, then the whole sum of principal shall become immediately due and payable at the option of the holder of this note. Principal payable in gold coin of the United States of the present standard.                              C. O. WIDRIG."

The guaranty which, it is claimed, rendered Twohy liable for the payment of the note, reads as follows:

"Los Angeles, California,
Nov. 18, 1925

"For value received, I hereby waive presentation of the note hereinafter referred to to the maker, demand of payment, protest and notice of non-payment, and do guarantee payment of the same and of all expenses of collection thereof including attorney's fees and also of all expenses including attorney's fees incurred in enforcing this guaranty, and do hereby without notice expressly consent to the delay or indulgence in enforcing payment and to the express extension of the time of payment of the same without affecting my personal liability under this guaranty. The note herein referred to is dated November 18, 1925, and signed and executed by C. O. Widrig for the principal sum of nine thousand dollars ($9,000) payable to Christine Hough, without interest, in installments as follows, to-wit:

"24 installments of $150 each on the 1st day of each and every month, beginning on the 1st day of December, 1926;

"24 installments of $125 each on the 1st day of each and every month, beginning on the 1st day of December, 1928;

"Thereafter installments of $100 each on the 1st day of each and every month, beginning the 1st day of December, 1930, and continuing until said principal sum has been fully paid.      JOHN TWOHY."

The trial court found in part that the guaranty signed by Twohy was executed by him prior to the signing and delivery of the note in question. This finding appears to us to be well supported by the evidence, which further shows that, after Twohy had signed the guaranty, Widrig took it to Mr. Hough, who was acting for Mrs. Hough; that Widrig then signed the note and delivered it to Hough with the guaranty. This was out of the presence of Twohy. Then or thereafter the guaranty was attached to the note by eyelet fastenings. There is no evidence of Twohy's ever having seen the note in question, and we think it fair to conclude from the evidence that the guaranty was not, when signed by Twohy, attached to the note, which was later signed by Widrig. Twohy's defense was made, and the judgment was by the trial judge rested, upon the theory that the note in question was not the note or obligation for the payment of which Twohy became liable by virtue of the guaranty signed by him, because the note in question is not the note described in the guaranty or referred to therein as guaranteed.

The guaranteed obligation, as described in Twohy's guaranty, was one evidenced by a note executed, or possibly to be evidence by a note to be executed, by Widrig, payable to Christine Hough, and not a note payable to her order or to bearer. Such a note is non-negotiable. This is rendered plain by the following provision of our negotiable instrument statute (Rem. Comp. Stat., § 3392):

"An instrument to be negotiable must conform to the following requirements: . . . (4) must be payable to order or to bearer; . . ."

This court has held that the absence from a note of words making it "payable to order or to bearer," or words of similar, plain import, renders it non-negotiable. *Quast v. Ruggles,* 72 Wash. 609, 131 Pac. 202.

The note in question is, by its terms, made payable "to the order of Christine Hough;" hence is negotiable. It is not claimed to lack negotiability in other respects. Indeed, recovery is sought upon the theory that it is negotiable. So, that note in that important particular is a different note from that plainly described in Twohy's warranty as the obligation he thereby warranted the payment of. The guaranteed obligation described in Twohy's guaranty was also one evidenced by a note executed, or possibly to be evidenced by one to be executed, by Widrig, payable to Christine Hough in installments without any maturity accelerating clause therein as to any future maturing installments. The note in question does contain such a clause, reading:

"Should default be made in the payment of any installment of principal when due, then the whole sum of principal shall become immediately due and payable at the option of the holder of this note."

So that note is also in this important particular a different obligation and note than is plainly described in Twohy's warranty as the obligation he thereby warranted the payment of. This is not the often arising troublesome question of the discharge of a guarantor from the obligation of his guaranty arising out of events occurring after the execution of his guaranty, there being no question as to what the obligation is which he guaranteed. But this is a question of what the obligation is which Twohy guaranteed, and hence

a question of what the language of his guaranty means. It seems to us that its language is plain and unambiguous to the effect that the note in question is not the note described in Twohy's guaranty for the payment of which he rendered himself liable. We think it is wholly unnecessary to resort to any rule of strict construction to arrive at this conclusion.

Contention is made in behalf of the mortgage company rested upon the theory that the note in question was attached to Twohy's guaranty at the time he executed his guaranty, though the note was then unsigned, and that the guaranty necessarily referred to that note as the prospective guaranteed obligation. We think that the evidence calls for the conclusion that the guaranty and the unsigned note were not then attached. It is plain that the language of the guaranty does not refer to any attached note; and therefore the language of the guaranty is our only guide as to what obligation was guaranteed by Twohy. It seems plain to us that this contention and argument afford no substantial aid to the mortgage company's claimed right of recovery against Twohy upon his guaranty.

It is contended in behalf of the mortgage company that in any event it is entitled to recover as against Twohy upon the theory that he has admitted the genuineness of his guaranty as a guaranty of the note in question, in failing to deny, by affidavit before the commencement of the trial, the genuineness of the execution of the note in question and the guaranty, in response to notice served upon his counsel by counsel for the mortgage company, in pursuance of Rem. Comp. Stat., § 1263, which reads:

"If either party, at any time before trial, allow the other an inspection of any writing material to the action, whether mentioned in the pleadings or not, and deliver to him a copy thereof, with notice that he intends to read the same in evidence on the trial of the

cause, it may be so read without proof of its genuineness or execution, unless denied by affidavit before commencement of the trial. If such denial be made of any writing not mentioned in the pleadings, the court may give time to either party to procure evidence, when necessary for the furtherance of justice.''

A few days before the trial, counsel for the mortgage company did serve upon counsel for Twohy a notice reading as follows:

''Please take notice that upon the trial of the above entitled action plaintiff intends to read in evidence the note and guaranty described in plaintiff's complaint herein, inspection of the original of which note is hereby tendered to you and a copy thereof herewith served upon you.''

The argument seems to be that, because the actual execution of these two instruments was not denied by affidavit, such want of denial constituted, in legal effect, an admission in behalf of Twohy that the guaranty was in fact a guaranty of the note in question. We think the failure to respond to this notice by denial, such as is contemplated by the statute, constituted nothing more than an admission as to the genuineness of the signing and execution of each of those instruments, and did not constitute an admission that the guaranty was a guaranty of the obligation evidenced by that note.

Contention is made in behalf of the mortgage company that it is in any event entitled to a new trial. This contention seems to us so devoid of merit as not to call for discussion here. Clearly, there was no error in the denial of the motion for a new trial.

Mrs. Twohy, the wife of Twohy, was made a defendant in the case, evidently looking to the holding of their community property subject to such judgment as the mortgage company might recover in the action. Prior to the trial the defendant Twohy died,

and thereafter his executor, Philip Twohy, was substituted as defendant. Of course, the judgment of the superior court and our disposition of this appeal absolves both of these defendants from liability under the guaranty, as it would have absolved Twohy from such liability were he alive and remained a defendant.

We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., MAIN, HOLCOMB, MILLARD, BEELER, and FULLERTON, JJ., concur.

BEALS, J. (dissenting)—It is my opinion that from the evidence it should be held that the guaranty signed by Mr. Twohy applies to the note sued upon herein. The terms of this guaranty, however, cannot be extended, and therefore Mr. Twohy, having guaranteed the payment of a non-negotiable note, could present any defense which might exist in his favor to the note sued upon. It is also true that Mr. Twohy was not bound by the acceleration clause of the note, and he therefore is liable only for the installments of the principal of the note which had fallen due prior to the institution of this action. In my opinion, Mr. Twohy was liable to that extent, and I accordingly dissent from the conclusion reached by the majority.