SOLDIER VALLEY SAVINGS BANK of Soldier, Appellant, v.
CAMANCHE SAND & GRAVEL COMPANY of Daven-
port et al., Appellees.

No. 42713.

FEBRUARY 12, 1935.

Ottesen, Doerr & Weise and Prichard & Prichard, for appel-
lant.

Smith & Swift, for appellee Camanche Sand & Gravel Company.

J. M. Maloney, for appellee Lynch Construction Company.

KINTZINGER, J.—▇ On November 17, 1932, the following
instrument was delivered to the Lynch Construction Company by
the Camanche Sand & Gravel Company:

"To Bills as follows:
Invoice

---

Note: Do not change this Voucher. In case of error return at once. Endorsement on back is the only receipt required. Deposit in any Bank for collection as check.

CAMANCHE SAND & GRAVEL CO., Voucher No. 2410.
Check No. 1896. Davenport, Iowa, Nov. 17, 1932.
This Voucher when properly endorsed by payee becomes a check on
UNION SAVINGS BANK AND TRUST COMPANY
of Davenport, Iowa.
To Lynch Construction Co.,

For————————————————————————————————
Three Thousand Seven Hundred Fifteen and 07-100 . . Dollars.
$3,715.07.                    (Signed)   Geo. E. Kuhn
                                         Asst. Treasurer."

It contained the following endorsement on the back:

"Deposit to Soldier Valley Savings Bank, Soldier, Iowa, accepted as payment in full for bills noted on face of this check. (Signed)   Lynch Construction Co., By T. F. Harrington, Jr."

This instrument, after being so endorsed, was, by the Lynch Construction Company, sent direct to the Continental Illinois National Bank & Trust Company of Chicago, a correspondent bank of the Soldier Valley Savings Bank, and was by the Chicago bank deposited to the credit of the Soldier Valley Savings Bank, Soldier, Iowa. After being notified of such credit, the Soldier Valley Savings Bank credited the account of Lynch Construction Company with the amount of the instrument, and thereafter paid checks of the Lynch Construction Company for the full amount of said deposit. Payment of the instrument was stopped by the Camanche Sand & Gravel Company, and payment was refused by the Union Savings Bank & Trust Company when presented. The instrument was then returned to the Soldier Valley Savings Bank, who brought this action.

The undisputed evidence shows that the defendant Camanche Sand & Gravel Company would have had a valid defense against

the instrument in question, if sued on by the payee, to the extent of $3,621.91. It is also conceded that, if the instrument in question is not a negotiable instrument, the same defense could be interposed against the present holder of the instrument.

If it is negotiable, the defense alleged should be precluded; if it is nonnegotiable, the defense against the Lynch Construction Company is available against appellant. The lower court held the instrument to be nonnegotiable, and entered judgment allowing the offset. Plaintiff filed a motion for a new trial which was overruled; hence this appeal.

I. The principal question presented is whether or not the paper sued on is a negotiable instrument. Section 9461 of the Negotiable Instruments Act provides:

"An instrument to be negotiable must conform to the following requirements:  *   *   *

"4. Must be payable to the *order* of a specified person or to *bearer*." (Italics ours.)

Section 9468 of the Code provides that:

"The instrument is payable to *order* where it is drawn payable to the *order of a specified person* or *to him or his order*." (Italics ours.)

"   *   *   *   Where the instrument is payable to order, the payee must be named or otherwise indicated therein with reasonable certainty."

Section 9469 of the Code provides that

"The instrument is payable to bearer:

"1. When it is expressed to be so payable; or

"2. When it is payable to a person named therein or bearer;  *   *   *".

It is clearly not payable "to bearer".

It is contended that because the instrument contains the words, "This Voucher when properly endorsed by payee becomes a check on Union Savings Bank and Trust Company", it became a check after the following endorsement was made thereon by the payee: "Deposit to Soldier Valley Savings Bank, Soldier, Iowa. Endorsed and accepted as payment in full for bills noted on face of this check. (Signed) Lynch Construction Co., by T. F. Harrington,

Jr." It is now claimed that the instrument was thereby properly endorsed; that by such endorsement it became a check and constituted a negotiable instrument.

The most that can be claimed for the instrument, if properly endorsed, would be that it then became a check. If it then became a check, it was still payable specifically to only the Lynch Construction Company, and not to its *order*. An instrument does not become negotiable by simply calling it a check unless the words of negotiability required by the act for negotiable instruments appear thereon. The words of negotiability required by the act in this state and by the Uniform Negotiable Instruments Act are that the instrument be made payable to the *order of a specified person*, or to him *or his order*. Neither the face of the instrument nor the endorsement on the back makes the instrument payable to the order of anyone. If it be considered a check, it is apparent that the face of the check is payable to the Lynch Construction Company, and not to its *order, or to the order of the Lynch Construction Company*. It also appears that the endorsement of the Lynch Construction Company upon the back of the instrument was for the special purpose *"of deposit to Soldier Valley Savings Bank"*, and was not endorsed to the order of the Soldier Valley Savings Bank. This endorsement was placed upon the instrument by the Lynch Construction Company and forwarded by it to the Continental Illinois National Bank & Trust Company for the deposit of the Soldier Valley Savings Bank.

It is also apparent from the face of the instrument that it was not a check when issued, and that it was not even contemplated to be a check, either negotiable or nonnegotiable, until after it was properly endorsed by the Lynch Construction Company. It rather contains the characteristics of a voucher and receipt, as the following appears on the face of the instrument: "Endorsement on back is the only receipt required". The instrument is payable to the Lynch Construction Company and not to the order of the Lynch Construction Company or to the Lynch Construction Company order.

If, therefore, it can be considered a check upon the Union Savings Bank & Trust Company when properly endorsed, it necessarily became a check payable to the Lynch Construction Company only. It is not payable to bearer, and is not payable to the order of the Lynch Construction Company, or to Lynch Construc-

tion Company or order. It is simply payable to the Lynch Construction Company, and is not "payable to the order of a specified person or to bearer". It is, therefore, obvious that it does not meet the clear requirements of paragraph 4 of section 9461, or of the requirements of section 9468.

The great weight of authority supports the rule that where a check or other instrument is not payable *to the order* of a certain person *or to bearer it* is not a negotiable instrument. Brannan's Negotiable Instrument Law (5th Ed.) p. 166; Thompson v. Cedar Rapids Nat. Bank, 207 Iowa 786, 223 N. W. 517; Warren v. Scott et al, 32 Iowa 22; Westberg v. Chicago Lumber & Coal Co., 117 Wis. 589, 94 N. W. 572; Kerr v. Smith, 156 App. Div. 807, 142 N. Y. S. 57; Owens v. Blackburn, 161 App. Div. 827, 146 N. Y. S. 966; Searles v. Seipp, 6 S. D. 472, 61 N. W. 804; Wettlaufer v. Baxter, 137 Ky. 362, 125 S. W. 741, 26 L. R. A. (N. S.) 804; Gilley v. Harrell, 118 Tenn. 115, 101 S. W. 424; Johnson v. Lassiter, 155 N. C. 47, 71 S. E. 23; Haggard v. Mutual Oil & Refining Company, 204 Ky. 209, 263 S. W. 745; Cowan v. Hallack, 9 Colo. 572, 13 Pac. 700; Fawsett v. National Life Ins. Co., of United States, 97 Ill. 11, 37 Am. Rep. 95; Quast et ux v. Ruggles, 72 Wash. 609, 131 Pac. 202; North American Bond & Mortgage Company v. Twohy, 159 Wash. 442, 293 Pac. 717.

In Warren v. Scott, 32 Iowa 22, loc. cit. 26, this court said:

"The note is not payable to bearer generally, but to a particular bearer, M. C. Murdough. Its legal effect is the same as though the word 'bearer' had been omitted. It is not negotiable, and hence is subject to any defense arising out of the transaction attending its execution, which would have been available against the payee."

In Thompson v. Cedar Rapids Nat. Bank, 207 Iowa 786, loc. cit. 791, 223 N. W. 517, this court says:

"But appellee argues that appellant in no event could have received title to the check because at all times ownership remained in him. Foundation for this argument is laid upon the fact that the check was nonnegotiable because it was not payable to order or bearer. Negotiability requires that it be payable to one or the other. The record reveals that it was payable to appellee, and the words 'order' or 'bearer' do not appear."

While this case may not be exactly in point, it does plainly indicate the construction to be adopted when presented.

In the case of Haggard v. Mutual Oil & Refining Co., 204 Ky. 209, 263 S. W. 745, the court said:

"It will be noticed that the above check is not payable to the order of the payee, nor to the payee or its order, but is payable simply to the payee. It therefore seems to us too clear for dispute that this check is not payable to order, and is therefore, as the lower court held, not negotiable. In other words, we think it is clear that subsection 8 means, as it says, that the instrument must be payable either (1) to the order of the payee, or (2) to the payee or order, and that it does not permit of the construction that the instrument may be payable (1) to the order of the payee, (2) or to the payee, or (3) to his order. To give the section the latter of these two constructions rather than the former makes the first and third alternatives identical, and this plainly was never intended. Not only is this conclusion unavoidable from a consideration simply of the language of the section, but it has uniformly been so construed by this and other courts."

The Uniform Negotiable Instruments Act was adopted for the purpose of clarifying and making uniform the decisions of the various courts of the country as to negotiable instruments. The Iowa act is embodied in chapter 424 of the Code and all former rules or constructions in relation to negotiable instruments are reduced to statutory form. The Iowa statutes, hereinabove referred to, setting out the requirements of a negotiable instrument are controlling in our construction of the instrument in question.

II. Appellant also contends, in argument, that the circumstances under which the instrument in question was executed constitutes fraud on the part of the defendant, and that defendant, by reason thereof, is estopped from denying liability thereon.

The defense alleged as an offset consisted of an obligation due the Camanche Sand & Gravel Company from the Lynch Construction Company upon two checks issued by that company to the Sand & Gravel Company in payment of an account. These checks were not honored and payment thereon was refused by the bank when presented, for lack of funds.

It may also be noted here that these two companies were dealing with each other, and that each had an account against the other. The instrument in question was given to the Lynch Construction Company in payment for an account owing that company

by the Sand & Gravel Company. It may appear unusual that these accounts should have been handled in this manner, but the evidence fails to show the existence of any fraud in connection therewith. The burden of proving fraud or estoppel was upon the plaintiff.

We are constrained to hold, from a reading of the record in this case, that the instrument in question was executed by defendants in good faith. It is therefore our conclusion that the claims of fraud and estoppel have not been established.

For the reasons hereinabove set out the judgment of the trial court is hereby affirmed.—Affirmed.

ALBERT, MITCHELL, RICHARDS, HAMILTON, and POWERS, JJ., concur.