(39 Misc. Rep. 98.)

## ZANDER v. NEW YORK SECURITY & TRUST CO.

(Supreme Court, Special Term, New York County. October, 1902.)

1. ACTION ON LOST INSTRUMENT—BOND.
    Under Code Civ. Proc. § 1917, providing for a bond in an action on a lost instrument for not less than twice the amount thereof, does not apply to an action brought by a person against a security company where he lost a certificate or receipt by which such company promised to pay him or his assigns a sum of money, and who seeks to require the issuance of a new certificate.

2. NEGOTIABLE INSTRUMENT—CERTIFICATE OF DEPOSIT.
    A certificate of deposit issued by a trust company, payable to the person named therein or his assigns, is not a negotiable instrument, within Laws 1897, c. 612, § 20, declaring that an instrument, to be negotiable, must be payable to order or to bearer.

3. SAME—PAYMENT.
    A trust company would be protected in paying a certificate of deposit, though it had been assigned, if the company had no knowledge

_____

¶ 1. See Lost Instruments, vol. 33, Cent. Dig. § 43.

thereof, by Code Civ. Proc. § 1909, authorizing transferee of claim on demand to sue thereon, subject to any defense existing against the transferror before notice of transfer, as payment would thereunder be a complete defense.

Action by Caroline Zander against the New York Security & Trust Company. Demurrer to complaint overruled.

Wilson, Barker & Wilson, for plaintiff.
Hornblower, Byrne, Miller & Potter, for defendant.

SCOTT, J. It is alleged by the complaint, and admitted by the demurrer, that on or about July 11, 1901, the plaintiff deposited with defendant the sum of $500, and received therefor the following certificate or receipt:

"The New York Security and Trust Company, New York, July 11, 1901, has received from Caroline Zander the sum of five hundred dollars, of current funds, upon which the said company agrees to allow interest at the annual rate of three per cent. from this date, and on five days' notice will repay, in current funds, the like amount, with interest, to the said Caroline Zander or her assigns, on return of this certificate, which is assignable only on the books of the company."

Then followed provisions as to the reduction or discontinuance of interest, not material here.

Plaintiff always remained the owner of the certificate; has never assigned it, or any part thereof, or in any way indorsed or transferred it, or any interest therein. Before August 9, 1901, she lost or inadvertently destroyed the certificate, and, though she has diligently searched, she has been unable to find it, and on August 9, 1901, she notified defendant of the loss of the certificate. She has duly demanded of defendant the issue of a new certificate, or the payment of the amount of the deposit. The demurrer is stated to be interposed merely for the purpose of enabling the defendant to insist that the plaintiff shall be required to give the security specified in section 1917, Code Civ. Proc. That section refers to lost negotiable paper, and the question which presents itself is, therefore, whether or not the certificate of deposit given by defendant is negotiable. Section 20, c. 612, Laws 1897, known as the "Negotiable Instruments Law," declares that an instrument, to be negotiable, "must be payable to order or to bearer," and in this respect is merely declaratory of the law of negotiable paper as it existed before the passage of the statute. The papers which were before the court in the cases principally relied upon by defendant conformed to the foregoing definition, and in each case the decision turned upon the fact that the lost receipts were payable to "order," which circumstance was held to render them negotiable instruments, and to require that indemnity be given before judgment upon them could be rendered. Frank v. Wessels, 64 N. Y. 155; Read v. Bank, 136 N. Y. 454, 32 N. E. 1083, 32 Am. St. Rep. 758. The receipt or certificate in the present case is not negotiable. The money represented by it is payable, not "to order or bearer," but to the plaintiff "or her assigns." It is therefore what is known to the law as a "nonnegotiable instrument." In an action upon a lost or destroyed instrument of this description, it is not necessary that the plaintiff should give or tender indemnity. Wright v.

Wright, 54 N. Y. 437; Mills v. Bank, 28 Misc. Rep. 251, 59 N. Y. Supp. 149. The distinction between actions on negotiable and non-negotiable instruments, and the reason for the different rules respecting the necessity for indemnity in such actions, are too obvious, and too clearly stated in the authorities cited, to require restatement here. The demurrer admits that the plaintiff never parted with or assigned the certificate, and that it has been lost or destroyed. Even if the plaintiff had not lost or destroyed the certificate, and has assigned it, the defendant would assume no risk in paying her the amount represented thereby. Section 1909 of the Code of Civil Procedure provides that, except in the case of a negotiable instrument, the transfer of a claim or demand passes an instrument which the transferee may enforce by an action or special proceeding, or interpose as a defense or counterclaim, in his own name, as the transferror might have done, "subject to any defense or counterclaim, existing against the transferror, before notice of the transfer." Payment to the plaintiff would be a complete defense to any claim or action by her upon the certificate of deposit, and equally be a defense of any action or claim by a transferee from her, if made before notice of the transfer; and it does not appear, and is not suggested, that defendant has received any notice of a transfer by her. The demurrer must be overruled, with costs and an extra allowance of $25, with leave to the defendant to withdraw the demurrer and answer within 20 days upon payment of costs.

Demurrer overruled, with costs and extra allowance, with leave to withdraw demurrer and answer within 20 days upon payment of costs.