PERKINS et al. v. ISAAC H. BLANCHARD CO.

(Supreme Court, Appellate Division, First Department.   March 20, 1903.)

1. PATENTS—ROYALTIES—MODIFICATION—FRAUD—EVIDENCE.

Where it was alleged that defendant obtained a modification of a contract for the payment of royalties on a patented article on the ground that it was necessary to reduce the price in order to sell the article, which representation plaintiff alleged to be fraudulent, and it appeared that prior to the reduction no orders were obtained by either party except a single conditional order, and there was no evidence but that defendant's statements as to the necessity of reducing the price were true, the complaint was properly dismissed.

Appeal from Special Term, New York County.

Action by C. Win Perkins and another against the Isaac H. Blanchard Company.   From a judgment in favor of defendant, plaintiffs appeal.   Affirmed.

On December 24, 1900, plaintiffs were the owners of a patent for an improvement in puzzles, using transformation scenes, and, desiring to put the same on the market, contracted with defendant company on that day, giving defendant the exclusive right to manufacture the toys or puzzles under the patents, prescribed a scale of price, and requiring a payment of a royalty to plaintiffs of 15 per cent. of the gross returns from the manufacture and sale, and an additional 10 per cent. on sales made by plaintiff. Efforts were thereafter made by both parties to get orders for the puzzles, but without success, after which Mr. Blanchard communicated with plaintiff Demmon, advised him of the unsuccessful attempts which defendant had made to sell the goods and the expense incurred by them in so doing. About April 4, 1901, Mr. Blanchard had an interview with Mr. Demmon, at which he told plaintiffs that a modification in the agreement would be advisable by reducing the royalty, in order to make possible such a reduction in the price of the puzzles as would secure orders. As a result of this solicitation, the contract was modified, defendant agreeing to pay plaintiffs a royalty of $100 a thousand on the small sizes of puzzles used, and on the other sizes the royalty of 15 per cent. was unchanged. After such modified agreement was made, plaintiffs asserted that the statements made by Blanchard as to his failure to secure orders under the original scale of prices, and the consequent necessity of reducing the price, and therefore the royalty, were untrue; were known to be untrue by Blanchard when made; and thereupon plaintiffs brought suit to have the amended agreement canceled, and adjudged to be invalid, and the original agreement adjudged to be in force as to all of its provisions from date, and for an accounting of royalty at the rate of 15 per cent.

The following is the opinion of STOVER, J., in the court below:

I think the complaint must be dismissed. The allegation of the complaint is that it was impossible to obtain orders and would be impossible to obtain orders for the sale of the article at a higher price than $17.50. What evidence is there that there were any orders for this article at that time, except the one from the New York Life Insurance Company, which was a conditional order, if the samples suited? And the expression of opinion that he would not be able to take orders at that price from the samples, an expression of opinion that that would be so in the future, and with full opportunity on the part of the plaintiffs to know the condition of sales. It appears here that both of them had been soliciting orders, and they were as familiar with the market as he was; and, while they say they relied upon this statement, it is quite doubtful whether they did not rely upon their own judgment. At all events, I do not feel the force of such a contention to say there was any fraudulent purpose in the making of those statements. And as to the expression of opinion as to what they would be able to do in the future, of course that would be simply a matter of opinion, not one as to a present fact.

The other alleged false statement is that the defendant could not manufacture and sell the said article at a profit and pay said royalty of fifteen per cent., and upon that there is no evidence that that was not true; not the slightest evidence but what it could not make a profit; and so I think the whole contention must be summed up in this: That up to the time that these negotiations were commenced the business had not been successfully carried on, and that there had been no substantial sales of property, and that it was still a doubtful enterprise, and one in which the chances were, as all of them thought at that time, and all believed, that, unless something was done to relieve the situation, there would be no sales; and he then said at the price at which it had been scheduled it could not pay a royalty, and they came together, and, in order to induce sales, they did lower the royalty. The schedule was not reduced. The same schedule was left in operation, and the royalty was reduced so that he might make a profit. There is no evidence in the case but what he told the exact truth. One of these expressions of opinion was that the present schedule would not stand the royalty; that is, it would not pay him. The burden in a case of this character being upon the plaintiff to establish a cause of action, I think they have failed here, and that the complaint must be dismissed upon the merits. Present the decision.

Exception by plaintiffs.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

W. J. Townsend, for appellants.
H. H. Bowman, for respondent.

PER CURIAM.   Judgment affirmed, with costs, on opinion of court below.

(82 App. Div. 346.)

CHISHOLM v. TOPLITZ.

(Supreme Court, Appellate Division, First Department.   April 9, 1903.)

1. ADMINISTRATORS — RENEWING LEASE TO INTESTATE—ACTION FOR RENT—PARTIES.
    An administrator of a lessee in a lease which provided for renewal only at the option of the lessee, on a valuation of the land only, the improvements belonging to the lessee, and making no provision for compensation therefor if there was no renewal, cannot bind the estate by a renewal; so that he is properly sued personally for the rent, on a lease made to him as administrator.

Appeal from Trial Term, New York County.
Action by Mary A. Chisholm against Henry L. Toplitz. From a judgment for plaintiff, defendant appeals. Affirmed.

· The opinion of the court below (SCOTT, J.) is as follows:

The defendant is administrator with the will annexed of Lippman Toplitz, deceased, who was the lessee of a lot of land in the city of New York, under a lease made in 1877 for a term of 21 years, and which had over a year to run when the defendant was appointed administrator. The lease was of the land only, the building upon it belonging to the lessee. It provided for perpetual renewals, at the option of the lessee, at rentals estimated upon the value of the land as a vacant lot at the expiration of each term. No provision was made whereby compensation should be made to the lessee for the value of the building at the end of any term in case he should not exercise his option to take a renewal. The lease upon which this action for rent is