(117 App. Div. 572)

FULTON v. VARNEY et al.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. CONTRACTS—CONSIDERATION—COMPLAINT—SUFFICIENCY.
    A complaint, which alleged as a consideration for a promise to pay
    money the furnishing of certain information, and did not allege when the
    information was imparted, or that it was given at the request of the prom-
    isors, was fatally defective.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§
    1660–1663.]

2. SAME—ALLEGATION OF PERFORMANCE.
    A complaint alleging an agreement whereby defendants promised to pay
    for information which plaintiff promised to supply thereafter is insuffi-
    cient if performance is not averred.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1664–
    1667.]

3. BILLS AND NOTES—NEGOTIABILITY—CONDITIONS—STATUTORY PROVISIONS.

Negotiable Instrument Law, Laws 1897, p. 722, c. 612, §§ 20–22, provide that an instrument to be negotiable must contain an unconditional promise or order to pay a sum certain in money, but an order or promise to pay out of a particular fund is not unconditional. *Held*, that an instrument that provides for the payment of money out of the profits on a certain contract is not negotiable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 388.]

4. SAME.

Under Negotiable Instrument Law, Laws 1897, p. 722, c. 612, § 20, an instrument not payable to order or bearer is not negotiable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 363.]

5. SAME—COMPLAINT—ALLEGATIONS AS TO CONSIDERATION—SUFFICIENCY.

Where an instrument is not under seal and not negotiable, an allegation in the complaint that it was executed and delivered for "a valuable consideration," without in any way setting up the facts showing consideration, is insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1477–1479.]

6. SAME.

A complaint, alleging the execution and delivery of a written conditional promise to pay out of a particular fund as the profits of a particular job, containing no averment that any profits had been earned, is insufficient.

Appeal from Special Term, New York County.

Action by John Fulton against George A. Varney and others. From an interlocutory judgment sustaining a demurrer to each of the two causes of action set forth in the complaint, plaintiff appeals. Affirmed, and remanded with leave to amend.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ. ·

John H. Hazelton, for appellant.

Purdy, Squires & Rowe (Allan C. Rowe, of counsel), for respondents.

CLARKE, J. The complaint alleges: That heretofore the defendant in and for consideration of the securing by the plaintiff of notification to the defendants of the fact that Cottier & Co. desired certain work to be performed at No. 3 East Fortieth street in the borough of Manhattan, city, county, and state of New York, for and in consideration of the securing by the plaintiff of the notification to the defendants of the fact that the architect of said work to be performed, Joseph H. Taft, was receiving bids therefor, and for and in consideration of the recommendation to the said Joseph H. Taft by the plaintiff of the defendants as proper persons to perform said work to be performed, all or several, the defendants agreed to pay to the plaintiff a sum of money equal to one-half of the profits to the defendants arising from or out of the said work to be performed, and to allow the plaintiff all reasonable and proper ·examination of the defendants' books and papers to ascertain the amount of such profits. That heretofore the defendants at the request of the plaintiff executed and delivered to the plaintiff a paper writing, dated February 3, 1905, by which they

agreed to pay to the plaintiff, to be considered as a part of such profits, the sum of $1,059.19 90 days from the date thereof, said paper reading:

"As per verbal agreement made between Mr. John Fulton, Jr., and our Mr. Varney, we hereby agree to pay you the sum of $1,059.19 ninety days from date; this amount to be paid out of our profits on the 3 East 40th street job."

That the profits to the defendants arising from or out of said work are $12,000, and that no part of the same has been paid to the plaintiff.

The second cause of section alleges that heretofore, and on or about the 3d day of February, 1905, the defendants for a valuable consideration executed and delivered to the plaintiff the paper hereinbefore set forth; that the plaintiff is the sole owner thereof; and that no part of the same has been paid, wherefore plaintiff demanded judgment for $6,000.

The defendants demurred to both causes of action upon the ground that facts were not therein stated sufficient to constitute a cause of action, and, the demurrer having been sustained, the plaintiff appeals.

In regard to the first cause of action, the allegation of the complaint is susceptible, as it appears to me, of two interpretations: First, that after the receipt of the information and the giving of the recommendation alleged as consideration the defendants promised to pay for said information and said recommendation; that is, for services previously rendered. If that be the interpretation intended by the pleader, the complaint is bad because, the performance by the plaintiff having preceded the defendants' promise, it is evident that the consideration was a past one and so will not support the contract. If the agreement was made after the services rendered without employment or request of the defendants, there can be no recovery. Consideration must consist of a present or future act. A past act cannot serve as consideration for a promise. As said by Mr. Justice Bischoff for the General Term of the Court of Common Pleas, in Winch v. Farmers' Loan & Trust Co., 11 Misc. Rep. 390, 32 N. Y. Supp. 244:

"Construing the instrument, however, to have been a mere promise to pay for information already imparted, the trial justice deemed the complaint to be wanting in substance because of the omission of an averment that the information was imparted at the request of the promisors, express or implied. Obviously, in the absence of such a request, the promise to pay was nudum pactum, and the omission to allege it rendered the complaint fatally defective"— citing authorities.

Second, if the allegation is to be construed as the averment of an agreement whereby defendants promised to pay for information which plaintiff promised to supply thereafter, it is insufficient, in that performance is not averred. It is necessary, it seems to me, that the pleader set forth a promise or offer by the defendants calling for a specific act by the plaintiff and a statement of subsequent performance by the plaintiff of such specific act and the breach by the defendants.

I see no way to spell out a cause of action. The pleader merely says that in consideration of securing information and his recommendation defendants promised to give him one-half of their profits. I see no way to bring this allegation within the rule as laid down by Ruger, C. J., in Bogardus v. New York Life Insurance Co., 101 N. Y. 328, 4 N. E. 522:

"It is essential to the legal statement of such a cause of action that it should show an existing contract and the performance by the plaintiff of such conditions precedent as are thereby provided or a tender of their performance."

The complaint either states that plaintiff performed certain acts without in any way alleging that they were those called for by the defendants' promise or what the terms of that promise were, or that the defendants promised to pay if the plaintiff would perform the acts specified as consideration. The words employed cannot at the same time be construed to mean an allegation that the notifying and recommending were the conditions called for by the defendants' promise and an allegation of the subsequent performance of that notifying and recommending as well. Both statements are necessary, and, if we assume the complaint does in fact allege either, the other is necessarily lacking.

As to the second cause of action, the allegation thereof is equally deficient in substance. The paper set out in the complaint is not a negotiable instrument. Section 20 of the negotiable instrument law (chapter 612, p. 722, Laws 1897) provides that an instrument to be negotiable must, among other things, contain an unconditional promise or order to pay a sum certain in money, and section 22 thereof provides: "But an order or promise to pay out of a particular fund is not unconditional." This instrument provides as follows: "This amount to be paid out of our profits on the 3 East 40th street job." Being, therefore, a promise to pay out of a particular fund, it is not unconditional. American Boiler Co. v. Fontham, 34 'App. Div. 294, 55 N. Y. Supp. 923. Further, it is not payable to order or to bearer as required by section 20 of the negotiable instrument law.

This instrument not being under seal, and not being negotiable, the allegation in the complaint that it was executed and delivered "for a valuable consideration," without in any way setting up the facts showing consideration, is a mere conclusion of law. The instrument is, at best, a conditional promise to pay out of a particular fund, to wit, the profits of the makers in a particular job. As there is no averment' in the second cause of action that any profits had been earned on said job, even if consideration had been properly alleged, the complaint would still have failed to set forth sufficient facts to sustain this cause of action.

The interlocutory judgment sustaining the demurrer to the complaint should be affirmed, with costs and disbursements to the respondents, with leave to the appellant, however, within 20 days and upon payment of costs in this court and in the court below to serve an amended complaint. All concur.