(128 App. Div. 831.)

### GREAT NORTHERN MOULDING CO. v. BONEWUR.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—ACTIONS—RIGHT TO SUE.

A foreign corporation, though prohibited by General Corporation Law (Laws 1892, p. 1805, c. 687), § 15, as amended by Laws 1901, p. 1326, c. 538, § 1, from suing in the state on a contract made by it in the state

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

because of its failure to procure the certificate required by law, may sue on a note made in a sister state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2544; Dec. Dig. § 661.*]

2. EVIDENCE (§ 402*)—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENT—NOTES.

The rule excluding parol evidence varying a written instrument applies to a note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1799; Dec. Dig. § 402.*]

3. BILLS AND NOTES (§ 98*)—CONSIDERATION—FAILURE—EFFECT.

The consideration and the conditions of delivery of a note are open to inquiry as between the original parties.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 98.*]

4. EVIDENCE (§ 443*)—PAROL EVIDENCE—ADMISSIBILITY.

In an action on a note by the payee, the maker may prove by parol that the note was delivered in consideration of an agreement of the payee to discontinue a pending action and deliver certain goods, and that the payee had failed to discontinue the action and deliver the goods, and thus show a failure of the payee to comply with the conditions of delivery.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2048, 2050; Dec. Dig. § 443.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by the Great Northern Moulding Company against Solomon Bonewur. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 112 N. Y. Supp. 466.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Herman J. Rubenstein, for appellant.
Martin C. Ansorge, for respondent.

MILLER, J. The defendant appeals from a judgment in favor of the plaintiff in an action on a promissory note. Two points are made:

(a) That the plaintiff, a foreign corporation, cannot maintain the action for failure to comply with section 15 of the General Corporation law (Laws 1892, p. 1805, c. 687, as amended by Laws 1901, p. 1326, c. 538, § 1), which provides, inter alia:

"No foreign stock corporation other than a monied corporation, shall do business in this state without having first procured from the Secretary of State a certificate that it has complied with all requirements of law to authorize it to do business in this state. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

(b) That the court erred in excluding evidence tending to show failure of consideration.

The complaint alleges that the note sued on was made at the city of Chicago, Ill; that allegation is not put in issue by the answer, and we find nothing in the record tending to disprove it. It is unnecessary, therefore, to consider whether the plaintiff was "doing business in this

state" within the meaning of said statute, as the suit is not brought upon a contract made by it in this state.

The answer alleged, in effect, that the plaintiff contracted to sell certain goods, wares, and merchandise to the defendant, 'but failed to perform its contract and to deliver all of the goods so sold; that it brought a suit in the City Court of New York to recover for the goods actually delivered, in which suit the defendant interposed a defense; that the note in suit was executed and delivered pursuant to and in consideration of an agreement of compromise wherein it was agreed that the plaintiff should discontinue the action pending in the City Court, and deliver the goods which it had theretofore failed to deliver pursuant to its contract, but that the plaintiff had failed and refused to perform its said agreement to discontinue the said action and deliver said goods. On the trial the defendant sought to show the agreement pursuant to which the note was delivered, but the evidence was excluded on the authority of Jamestown Business College Association v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. The evidence in that case did tend to vary the terms of a note which had been unconditionally delivered. That case merely held that the general rule that it is not competent to show the verbal arrangements for the purpose of contradicting or varying a written instrument applies to a promissory note. But the consideration and the conditions of delivery are always open to inquiry, and it is permissible between the original parties to show a failure of consideration or a failure to comply with the conditions of delivery. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32. We are unable to determine the effect of the evidence, as it is not in the record; and merely hold now that the defendant should have been permitted to prove, if he could, that the plaintiff had refused to perform the agreement pursuant to which the note was delivered.

The judgment is reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.