CLEMENT, State Com'r of Excise, v. LIQUORS SEIZED AT 390 BROOME STREET (DI GIORGIO, Claimant).

(Supreme Court, Appellate Division, First Department.   March 31, 1911.)

INTOXICATING LIQUORS (§ 253*)—SEIZURE—APPEAL.

A judgment dismissing the complaint entered on the verdict in a proceeding under Liquor Tax Law (Laws 1909, c. 39 [Consol. Laws, c. 34]) § 33, as amended by Laws 1910, c. 485, § 7, for the seizure of liquor kept for unlawful sale, is appealable under Code Civ. Proc. § 1346, authorizing appeals to the Appellate Division from final judgments entered on a verdict, though the liquor tax law makes no provision for the custody of the liquor seized pending an appeal, confines a replevy of the property to the time during which the trial is pending, and declares that the judgment for defendant shall provide that the liquor or vessels containing the same shall be returned to the person from whom taken.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 392; Dec. Dig. § 253.*]

Appeal from Trial Term, New York County.

Action by Maynard N. Clement, as State Commissioner of Excise, against Liquors Seized at 390 Broome Street, Salvatore Di Giorgio, claimant.   From a judgment dismissing the complaint entered on the verdict of a jury under Liquor Tax Law, plaintiff appeals.   Motion to dismiss appeal denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Morris Cukor, for the motion.
Herbert H. Kellogg, opposed.

PER CURIAM.   This proceeding was instituted under subdivision 2 of section 33 of the liquor tax law (chapter 39 of the Laws of 1909 [Consol. Laws, c. 34], as amended by chapter 485 of the Laws of 1910), and upon the verified complaint of a special agent a warrant was issued to search the premises for liquors specified therein.   The respondent interposed an answer controverting the allegations of the complaint upon which such warrant was issued.   The issues framed thereby were tried by a jury at a Trial Term of the Supreme Court, and a verdict returned for the claimant, upon which judgment was duly entered.   From that judgment the State Commissioner of Excise appeals.   The claimant moves to dismiss the appeal upon the ground that no appeal is allowed from such a judgment.

The statute provides that, if an answer is interposed, the issues thereby framed should be deemed an action pending in the court of the judge or justice who issued the warrant between the State Commissioner of Excise and the liquor so seized, and may be entitled in the name of said State Commissioner of Excise as against the liquor so seized, adding for identification the name of the person or persons interposing such answer and claiming the liquor so seized, and should be tried in said court as other issues of fact are tried therein.   It is further provided in said section that, if the testimony produced on the hearing before such judge or justice or upon such trial before the

court shall fail to establish that the liquor so seized was kept, stored, or deposited for the purpose of unlawful sale or disposition within this state, judgment shall be entered dismissing such complaint, and providing that such liquor and the vessels containing the same be returned to the place from which or to the person from whom they were taken. There is no express provision in the liquor tax law providing for or limiting an appeal from a judgment or order entered in pursuance of its provisions. The State Commissioner of Excise claims the right to appeal under section 1346 of the Code of Civil Procedure, which provides that an appeal may be taken to the Appellate Division of the Supreme Court from a final judgment rendered in the Supreme Court where the judgment was entered upon the verdict of a jury. This is clearly a judgment entered upon the verdict of a jury. The motion, however, to dismiss the appeal is based upon the presumed intention of the Legislature to prohibit such appeal upon the ground that no provision is made in the statute for the custody of the liquor seized pending the appeal, and that the provision which prohibits a replevining of the property is confined to the time during which the proceeding or trial is pending, and the provisions of the statute that the judgment shall provide that the liquors or vessels containing the same seized under the warrant be returned to the place from or the person from whom they were taken. We can see nothing in these provisions to justify the court in taking away the right expressly given by the Code of Civil Procedure to a party to a civil action against whom judgment is entered upon the verdict of a jury from appealing to the Appellate Division.

As to the effect of the appeal or the questions which it will present for review, we are not called upon now to determine. Under section 1313 of the Code of Civil Procedure service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, and this suggests the reason why no express provision was made for the disposition of the property pending the appeal. If the direction to return contained in the final judgment was suspended or the execution of that provision stayed pending appeal, it would appear that the duty of the officer named in the warrant to return the property was also suspended.

We think it clear that the right to appeal exists and the motion to dismiss the appeal is therefore denied, with $10 costs.