The St. Lawrence County National Bank, Plaintiff, *v.* Frank H. Watkins, Mary F. Watkins, and Bertrand H. Snell, Defendants.

(Supreme Court, St. Lawrence Trial Term, May, 1912.)

Negotiable instruments — actions — pleading — demurrer — as to consideration.

A complaint against the maker of a non-negotiable promissory note which merely alleges that defendant's promise to pay was made for a valuable consideration, but alleges nothing further as to the consideration, is demurrable on the ground that it does not state facts sufficient to constitute a cause of action.

Demurrer to complaint.

Thomas Spratt and Walter G. Kellogg, for plaintiff.

Rounds, Hatch, Dillingham & Debevoise, for defendant Mary F. Watkins.

Whitmyer, J. The action is on a promissory note. The complaint alleges: " that on or about the 29th day of January, 1910, the defendants Frank H. Watkins and Mary F. Watkins, for a valuable consideration, duly made, executed and delivered to the defendant Bertrand H. Snell their written promise to pay to said Bertrand H. Snell the sum of $3,500, with interest at five per cent. per annum one year after its said date." The complaint does not state that the note was made payable " to order " or " to bearer " and contains no further statement of the consideration. Defendant Mary F. Watkins has demurred on the ground that it does not state facts sufficient to constitute a cause of action.

A note to be negotiable must, among other things, be made payable " to order " or " to bearer." Neg. Inst. Law (Consol. Laws, chap. 38), § 20, subd. 4. The note in suit is pleaded, not as negotiable, but as non-negotiable, and, on this demurrer, must be deemed non-negotiable. Cawley v. Costello, 15 Hun, 303. Under the Revised Statutes, a promissory note, whether negotiable or not, imported a consideration

and the burden of alleging and showing a want thereof was upon defendant. R. S. pt. II, chap. 4, tit. 2; 1 R. S. 768; Carnwright v. Gray, 127 N. Y. 92. A non-negotiable note was held by the courts to be included within the terms of the statute.

The Negotiable Instruments Law (Art. 4, § 50) provides that " every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value." Non-negotiable instruments are not referred to in the section. In the absence of statutory provision, there is no presumption of consideration; so that the presumption of consideration, under the law as it now is, extends to negotiable instruments only. That law repealed the provisions of the Revised Statutes and changed the rule theretofore existing that a non-negotiable note imported a consideration and that the burden of alleging and showing a want thereof was on defendant. Deyo v. Thompson, 53 App. Div. 9. So that now, in an action on a non-negotiable promissory note, the burden is on plaintiff to plead and prove the facts showing the consideration. Deyo v. Thompson, *supra;* Fulton v. Varney, 117 App. Div. 572, 575.

The complaint here alleges that the promise to pay was made " for a valuable consideration." It says nothing further about the consideration. Under the authorities, it seems that this is not a statement of the facts showing the consideration, but is a mere conclusion of law. Fulton v. Varney, 117 App. Div. 572, 575; Browning, King & Co. v. Terwilliger, 144 id. 516, 519; Czerney v. Haas, 144 id. 430, 434.

The note, in Fulton v. Varney, *supra,* was not negotiable in that it was not an unconditional promise or order to pay a sum certain in money, but was a promise to pay out of a particular fund, and also in that it was not payable to order or bearer. The complaint alleged that it had been given " for a valuable consideration." Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the demurrer was sustained. The court said: " This instrument not being under seal

and not being negotiable, the allegation in the complaint that it was executed and delivered ' for a valuable consideration,' without in any way setting up the facts showing consideration, is a mere conclusion of law."

That case was cited with approval in the case of Browning, King & Co. v. Terwilliger, *supra,* where the court said: " The allegation that plaintiff made this new agreement abrogating the former written lease and forgave the rent due ' for a valuable consideration ' is a mere conclusion of law, as is any such allegation when applied to a non-negotiable instrument unaccompanied by any statement of the facts showing consideration." The case of Czerney v. Haas is to the same effect.

First Natl. Bank v. Robinson, 105 App. Div. 193, affd., 188 N. Y. 45, cited by plaintiff, is not in conflict with these authorities. The allegation there was, in effect, that there was no consideration and this was held to be an allegation of a fact and not of a conclusion of law. That was a negative averment. A negative averment is itself a statement of fact and is properly pleaded in general terms. An allegation that a promise was made " for a valuable consideration " is, however, an affirmative averment. Such an averment implies the existence of particular facts, which establish or tend to establish it and which under the Code system of pleading must be specifically set forth. 1 Abb. Tr. Brief, 131.

The claim that defendant, by demurring, has admitted that the note was given for a valuable consideration cannot be sustained. A demurrer admits the truth of all the facts stated and necessary inferences resulting, but does not admit conclusions of fact or conclusions of law. Baylies v. Code Pl. & Pr. 340; Greeff v. Equitable Life Assur. Soc., 160 N. Y. 19, 29; Frank v. Mandell 76 App. Div. 415.

In the case of Greeff v. Equitable Life Assurance Society, *supra,* the rule is stated as follows: " The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. By interposing this demurrer, it admitted all the facts alleged and such inferences as could be fairly drawn from them. (Citing cases.) But it admitted none of the conclusions averred, nor

any construction put upon the contract by the pleader. Nor did it admit the correctness of any inference drawn by the pleader from the facts alleged."

It seems to me, therefore, that the demurrer must be sustained, with leave to plaintiff, however, to serve an amended complaint within twenty days, upon payment of costs.

Demurrer sustained, with leave to plaintiff to serve an amended complaint within twenty days, upon payment of costs.