(153 App. Div. 551.)

ST. LAWRENCE COUNTY NAT. BANK OF CANTON v. WATKINS et al.

(Supreme Court, Appellate Division, Third Department. November 22, 1912.)

PLEADING·(§ 8*)—CONCLUSIONS OF LAW—"VALUABLE CONSIDERATION"—"VALUE RECEIVED."

    An allegation that a written instrument was executed and delivered "for a valuable consideration" is an allegation of fact, and not a conclusion of law, since the terms "for a valuable consideration" and "for value received" are practically identical in meaning, in law as well as general business intercourse, and, if there be any distinction, "valuable consideration" has a more definite and comprehensive meaning than "value received."

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*

    For other definitions, see Words and Phrases, vol. 8, pp. 7271–7273, 7281.]

    Betts, J., dissenting.

Appeal from Special Term, St. Lawrence County.

Action by the St. Lawrence County National Bank of Canton against Mary F. Watkins, impleaded with others. From an interlocutory judgment (76 Misc. Rep. 633, 135 N. Y. Supp. 461) sustaining a demurrer by the defendant named to the complaint, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and HOUGHTON, BETTS, and LYON, JJ..

W. G. Kellogg, of Ogdensburg, for appellant.

Eugene Congleton, of New York City, for respondent.

HOUGHTON, J. The plaintiff brings this action against the defendants upon a written instrument for the payment of money. One of the defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that the statement that the instrument was executed and delivered "for a valuable consideration" was not a statement of fact, but a conclusion of law. The demurrer was sustained on that ground, and the plaintiff appeals.

After stating the incorporation of the plaintiff, the complaint alleges as follows:

"Second. That on or about the 29th day of January, 1910, the defendants Frank H. Watkins and Mary F. Watkins, for a valuable consideration, duly made, executed, and delivered to the defendant Bertrand H. Snell their written promise to pay to said Bertrand H. Snell the sum of $3,500, with interest at 5 per cent. per annum, one year after its said date."

Then follow allegations to the effect that before maturity the defendant Snell for a valuable consideration, duly indorsed, transferred, and delivered such instrument to the plaintiff, which is now the owner and holder; that when said note became due it was duly presented for payment, which was refused, whereupon the same was protested, and due notice given, and that before the commencement of the action

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said note became wholly due, and now remains wholly unpaid, with interest from date.

No criticism is made of any of the allegations, aside from the paragraph above quoted. The note as pleaded is a nonnegotiable one, not being payable to order or bearer, and therefore is not within the provisions of the Negotiable Instruments Law (Consol. Laws 1909, c. 38, §§ 20 and 50), so that a valuable consideration can be presumed. The learned court at Special Term felt impelled to follow the holdings in Fulton v. Varney, 117 App. Div. 572, 102 N. Y. Supp. 608, Browning, King & Co. v. Terwilliger, 144 App. Div. 516, 129 N. Y. Supp. 431, and Czerney v. Haas, 144 App. Div. 430, 129 N. Y. Supp. 537. All of the above cases were in the First Department, and, while the trial court very properly followed them, we feel that we ought not to do so, notwithstanding the desirability of uniform decisions by the various Appellate Divisions of the state, and notwithstanding the very high regard which we entertain for the decisions of that court upon questions of practice, as well as substantive law.

It was held by this court in First National Bank of Towanda v. Robinson, 105 App. Div. 193, 94 N. Y. Supp. 767, affirmed 188 N. Y. 45, 80 N. E. 567, that an averment in an answer "that there was no consideration given for the instrument sued upon" was a good allegation in an answer. The learned counsel for the respondent urges that this decision is not controlling upon us in the present case, because a different rule with respect to pleading obtains with regard to an affirmative allegation than governs a negative allegation which may be alleged in general terms. We may concede this to be true, and assume that our decision relates only to a negative allegation, and is not controlling with respect to an affirmative allegation; still we are of the opinion that the allegation that a written instrument was executed and delivered "for a valuable consideration" is an allegation of fact, and not a conclusion of law. It seems to us that the term "for a valuable consideration" is so commonly used, and has such a well-known meaning in commercial and legal usage, that it is illogical to say that it expresses a conclusion of law, rather than a statement of fact, or conclusion of fact, which latter is permissible in a pleading as against a demurrer.

The terms "for a valuable consideration" and "for value received" are practically identical in meaning, in law as well as general business intercourse. A "valuable consideration" is defined in Jackson v. Alexander, 3 Johns. 484, 3 Am. Dec. 517, to mean money or any other thing that bears a known value; and in the same case "value received" is defined to be equivalent to saying money was received, or a chattel was received. While, perhaps, these definitions may be too restricted, because other things than those enumerated may form a valuable consideration, and the value received may be made up of something other than money or chattels, if there be any distinction between the two expressions, "valuable consideration" has a broader and more definite and comprehensive meaning than does "value received." It has been repeatedly held in pleadings, under the common law as well as the Code, that a plea stating that a nonnegotiable instrument

was given "for value received" was a good plea, and that the use of the term stated a fact, and not a conclusion of law.

The actions of Jerome v. Whitney, 7 Johns. 322, and Walrad v. Petrie, 4 Wend. 575, were upon nonnegotiable notes payable in chattels, and therefore not within the protection of the then existing statute relating to negotiable instruments, and in each case it was held that an averment that the notes were given for value received, withoue stating the specific consideration, was sufficient. In the former case the plaintiff had stated a specific consideration, which he failed to prove. Under the strict rules of the common law, this was deemed a variance, and the judgment was reversed; but he was given leave to amend his pleading, striking out such allegation, and permitting him to stand upon the formal allegation "for value received."

In Prindle v. Caruthers, 15 N. Y. 425, the action was also upon a nonnegotiable note, and the complaint alleged that the defendant made his contract in writing, in which he, for value received, promised to pay; but the complaint did not aver any consideration for the contract in direct terms. Upon demurrer the complaint was held good, the court remarking in the course of its opinion that:

"The substance of the objection, therefore, is rather that the consideration appears only argumentatively than that it is not shown at all."

This case was commented upon and approved in National Citizens' Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1, in the following language:

"Under our liberal practice, a very broad and general allegation of consideration has been held sufficient, as, for instance, in Prindle v. Caruthers, 15 N. Y. 425, where it was held that the words for value received constituted a good averment of consideration, and a demurrer to the complaint was overruled, although it was held that a motion to have the complaint made more definite would have been proper."

An agreement to answer for the debt or default of a third person must be in writing, subscribed and expressing some consideration, and in Miller v. Cook, 23 N. Y. 495, it was held on demurrer that a complaint alleging that such an agreement was made "for value received" was a sufficient expression of consideration to satisfy the statute of frauds. Practically the same language was involved in Meyer v. Hibsher, 47 N. Y. 265, and in Rice v. Rice, 43 App. Div. 458, 60 N. Y. Supp. 97, and in Ginsburg v. Von Seggern, 59 App. Div. 595, 69 N. Y. Supp. 758, and in each of the cases it was held that the averment or statement that the contract was for value received was a sufficient statement of consideration. It is true that in some of the above cases the instrument itself was set forth, reciting that it was given for value received; but in none of the cases was there any further averment respecting the consideration, or of what it consisted.

In the case at bar no complaint is or can be made of the allegation that the defendants Watkins on the date specified made, executed, and delivered to the defendant Snell their written promise to pay said Snell $3,500, with interest, one year from date, and the allegations in those respects are as strong as though the instrument itself had been set forth. If in the present case the instrument had been set

forth, and the words "for value received" had appeared, or if those words had been used instead of the expression "for a valuable consideration," without setting forth the instrument, confessedly under the foregoing authorities the allegations would have been entirely good. The words "for a valuable consideration" meaning the same thing and having the same import, it logically follows that the allegation in the case at bar is a good one, and not subject to demurrer on the ground that it states a conclusion of law rather than a statement of fact.

Very many allegations, which seem at first blush to be conclusions of law, have been held by the court to be either statements of fact or conclusions of fact, not subject to objection through demurrer. An allegation that one was of "unsound mind" is a good statement of a fact (Riggs v. American Tract Society, 84 N. Y. 330); that a thing was "duly" done (Brownell v. Town of Greenwich, 114 N. Y. 518, 527, 22 N. E. 24, 4 L. R. A. 685); and allegations that certain franchises were "valid and worth a large amount," or that they were "invalid and worthless," were held to be statements of fact, and therefore sufficient (Eppley v. Kennedy, 198 N. Y. 348, 91 N. E. 797). It is not an objection to the complaint, on demurrer, that the material facts are only argumentatively averred. Marie v. Garrison, 83 N. Y. 14.

Our conclusion is that the allegation that the note was given for a valuable consideration was a statement of fact, and that therefore the complaint was not demurrable on the ground that it failed to state facts constituting a cause of action, and that the demurrer was improperly sustained.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw her demurrer, upon payment of the costs of the trial court and of this appeal. All concur, except BETTS, J., who dissents.