[No. 10801.  Department Two.  April 5, 1913.]

JACOB QUAST et al., Respondents, v. DANIEL B. RUGGLES, Appellant.[1]

BILLS AND NOTES—NEGOTIABILITY—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 3392, subd. 4, providing that a note to be negotiable "must be payable to order or to bearer," and Id., § 3401, providing that it need not follow the language of the act, but any terms are sufficient which clearly indicate an intent to conform to the requirements thereof, a mortgage note simply made payable to B. (the mortgagee) without the words "order or bearer" or words of similar import, is not negotiable; notwithstanding provisions in certain contingencies respecting the mortgagee or his "assigns;" since these relate to the mortgage and indicate only that the mortgage may be transferred by assignment.

Appeal from a judgment of the superior court for Lincoln county, Baske, J., entered March 21, 1912, upon findings in

[1]Reported in 131 Pac. 202.

favor of the plaintiffs, after a trial on the merits before the court, in an action for cancellation.   Affirmed.

*Tolman & King*, for appellant.

*W. W. Zent*, for respondents.

Morris, J.—The question presented by this appeal is the negotiability of the following note:

"On the first of November, 1920, for value received, we promise to pay to M. L. Bevis the principal sum of $1,200 (Twelve Hundred Dollars), with interest thereon at the rate of seven per cent per year, from the date hereof until maturity, payable annually according to the tenor of nine interest notes, each for $84 and one (1) for $80.97, bearing even date herewith; both principal and interest notes payable at the office of Bevis Bros., Spokane, Wash. (with exchange on New York).   And if default be made in payment of any of said notes so secured, or any part of them, as the same mature, for the space of thirty days, or if the maker of this note and interest notes attached hereto shall allow the taxes or any other public rates and assessments on the property, or any part thereof, given as security for the aforesaid notes to become delinquent, or in case any taxes or assessments shall be levied against the holder of this note on account of this note, or shall do any act whereby the value of said mortgaged property shall be impaired, then, upon the happening of any of said contingencies, the whole amount herein secured shall at once become due and payable, and the mortgagee, his legal representatives or assigns may proceed at once to collect this note and foreclose the mortgage given to secure said note and sell the mortgaged property, or so much thereof as shall be necessary to satisfy said debt, interests and costs and all taxes, public rates, or assessments that may be due thereon, together with a reasonable attorney's fee, if suit be commenced for the purpose of collecting this debt or foreclosing the mortgage, securing said debt, and also said taxes, public rates, and assessments, and costs incurred by the mortgagee, his representatives or assigns, shall be secured by mortgage, and also in judgment in such foreclosure case.   It is expressly agreed and declared that these notes are made and executed under and are in all re-

spects to be construed by the laws of the state of Washington, and are secured by mortgage of even date herewith, duly recorded in Lincoln county of the state of Washington. This note bears interest at the rate of ten per cent per year, payable yearly after maturity. The makers of this note have the option of paying it any time the interest matures on and after November 1st, 1910. Dated at Spokane, state of Washington, on the 14th day of November, 1910.

"Jacob Quast, Jr."<br>"Tena Quast."

The sections of the negotiable instrument law controlling are § 3392, Rem. & Bal. Code, providing that an instrument to be negotiable "(4) must be payable to order or to bearer," and § 3401, "The instrument need not follow the language of the act but any terms are sufficient which clearly indicate an intention to conform to the requirements hereof." The instrument clearly is not payable "to order or to bearer," and must for this reason be held nonnegotiable, unless we can find in it some language that, under § 3401, "clearly indicates an intention" to make it so payable.

Appellant contends this language is supplied in the provision accelerating the time of payment on the happening of certain contingencies, and providing in such case "the mortgagee, his legal representatives or assigns, may proceed at once to collect," and the subsequent provision as to payment of taxes and costs by "his representatives or assigns." The mortgage also refers to "party of the second part, his successors or assigns." The word "assigns" as used in the note and mortgage does not refer to the payee of the note, but to the mortgagee, and indicates nothing more than that the mortgage may be transferred by assignment. The transfer of an instrument by assignment is not the equivalent of its transfer by indorsement. As interpreting § 3392, the provisions of § 3401 clearly refer to words of indorsement and not to words of assignment, and mean that, in order to make the instrument conform to the requirement of § 3392, it is not necessary to use the words "order or bearer," but other

apt words showing a clear intent to make the instrument so payable will be sufficient. This is the general rule adopted by all courts in construing this requirement of the negotiable instrument law. *Zander v. New York Security & Trust Co.*, 39 Misc. 98, 78 N. Y. Supp. 900, affirmed on appeal in 81 App. Div. 635, 81 N. Y. Supp. 1151. The promise to pay in this case was to "Caroline Zander or her assigns," a stronger expression of intent than the one found in the note before us. The court, however, seemed to consider the matter so plain that the mere statement of its ruling was deemed sufficient, and the appellate court with like certainty did not regard the question as open to discussion, but affirmed on opinion of court below. Other supporting cases, all referring to the necessity of the use of the words "order or bearer" or words of like import, are: *Fulton v. Varney*, 117 App. Div. 572, 102 N. Y. Supp. 608; *Wettlaufer v. Baxter*, 137 Ky. 632, 125 S. W. 741, 26 L. R. A. (N. S.) 804; *Gilley v. Harrell*, 118 Tenn. 115, 101 S. W. 424; *Westberg v. Chicago Lumber & Coal Co.*, 117 Wis. 589, 94 N. W. 572. Other questions are discussed in the briefs, but finding our ruling upon the first point decisive of the appeal, we will not refer to them.

Judgment affirmed.

Crow, C. J., Main, Fullerton, and Ellis, JJ., concur.