## SPENCER & CO. v. BROWN.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. BILLS AND NOTES (§ 60*)—ACCOMMODATION MAKER.

It is immaterial whether an accommodation note was complete when delivered to the payee or whether the maker's name was originally signed to an otherwise blank note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 85–94; Dec. Dig. § 60.*]

2. BILLS AND NOTES (§ 452*)—WANT OF CONSIDERATION.

Want of consideration is a good defense to an action by the payee against the maker of a note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1303, 1352–1364, 1367–1376; Dec. Dig. § 452.*]

3. BILLS AND NOTES (§ 493*)—ACTIONS—BURDEN OF PROOF—ACCOMMODATION NOTE.

Though the note has been admitted or proved, the burden of proving that it was an accommodation note is on the maker in an action against him by the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. § 493.*]

4. EVIDENCE (§ 432*)—PAROL EVIDENCE—PROMISSORY NOTES.

The maker may show by parol evidence, in an action against him by the payee of a note, the real agreement between the parties at the time of its execution in order to show that it was accommodation paper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1981–1989; Dec. Dig. § 432.*]

Appeal from City Court of New York, Trial Term.

Action by Spencer & Company against Clark T. Brown. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Edward J. Kelly, of New York City (Robert A. McDuffie, of New York City, of counsel), for appellant.

Wellesley W. Gage, of New York City (G. H. Hinnau, of New York City, of counsel), for respondent.

GUY, J. The action was brought on a promissory note drawn to the plaintiff's order. The answer somewhat inartificially denies that the note was made or delivered for value, also that anything is due thereon. It alleges that the note was for the accommodation of the plaintiff only and was without consideration. The note was admitted in evidence without objection, after a motion for judgment on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pleadings was denied. On the defendant's examination all proof of what occurred between him and plaintiff's officers at the time of the delivery of the note to the plaintiff was excluded, on the ground that, by not denying that it was made and delivered, the defendant was precluded from proving that it was for the payee's accommodation only; defendant excepted. A verdict was then directed for plaintiff; defendant excepted.

[1] It is of no legal consequence whether an accommodation note was complete when delivered to the payee and holder thereof, or whether the maker's name was merely signed to an otherwise blank note.

[2, 3] In an action by the payee of a note against its maker, the plea of want of consideration is a good defense (St. Lawrence County Nat. Bk. v. Watkins, 153 App. Div. 553, 138 N. Y. Supp. 116; First Nat. Bk. of Towanda v. Robinson, 105 App. Div. 193, 196, 94 N. Y. Supp. 767, affirmed 188 N. Y. 45, 80 N. E. 567), although after the note has been admitted or proved the burden of proof of accommodation or want of consideration is on the maker.

[4] In support of the defense of accommodation paper or want of consideration, as between the payee and maker, the latter may show by parol the real agreement between the parties at the time of execution. Niblock v. Sprague, 200 N. Y. 390, 392, 393, 93 N. E. 1105; Higgins v. Ridgway, 153 N. Y. 130, 133, 134, 47 N. E. 32; Great Northern Moulding Co. v. Bonewur, 128 App. Div. 831, 833, 113 N. Y. Supp. 60; Ryan v. Sullivan, 143 App. Div. 471, 473, 128 N. Y. Supp. 631.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.