CALIFORNIA PACKING CORPORATION, Appellant, *v.* KELLY STORAGE AND DISTRIBUTING COMPANY, Defendant.

PHŒNIX AND THIRD NATIONAL BANK OF LEXINGTON, KENTUCKY, Respondent.

Pleading.— when allegation that non-negotiable draft was duly accepted for a valuable consideration 'sufficient — when complaint containing such allegation and accompanying affidavit sufficient basis for warrant of attachment.

1. An allegation in a complaint that a draft not alleged to be negotiable was drawn upon defendant by plaintiff, and " for a valuable consideration " duly accepted by defendant, sufficiently states a

4

cause of action for breach of contract under section 636 of the Code of Civil Procedure; the allegation is sufficient as " a plain and concise statement " of the ultimate, principal and issuable fact of consideration to permit the proof of facts showing the actual consideration.

2. Such complaint and the affidavit accompanying it gave jurisdiction to the justice who granted the warrant of attachment, since they show by legal evidence the existence, *first*, of a cause of action on contract upon which an attachment could be founded, and *secondly*, of liquidated damages.

*California Packing Corp.* v. *Kelly Storage & Distributing Co.*, 188 App. Div. 475, reversed.

(Argued January 6, 1920; decided January 27, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1919, which reversed an order of Special Term denying a motion by respondent herein for vacation of an attachment and granted said motion.

The following questions were certified: " 1. Has the defendant bank a right to make the motion to vacate the attachment?

" 2. Is the allegation in the complaint that the bill of exchange was accepted ' for a valuable consideration ' an allegation of fact or a conclusion of law?

" 3. Do the papers upon which the attachment was granted contain sufficient allegations to show a cause of action against the defendant in the action? "

The facts, so far as material, are stated in the opinion.

*Lyle Evans Mahan* for appellant. The bank had no standing in court to make the motion to vacate. (Code Civ. Pro. § 682; *Key West B. & L. Assn.* v. *Bank of Key West*, 18 N. Y. Supp. 390.) The words " For a valuable consideration " constitute an allegation of fact. (*St. Lawrence Co. Nat. Bank* v. *Watkins*, 153 App. Div. 551; *Mechanics' Bank* v. *Straiton*, 3 Abb. Ct. App. Dec. 269; *Nat. Citizens Bank* v. *Toplitz*, 178 N. Y. 464; *First Nat. Bank* v. *Robinson*, 105 App. Div. 193; *Du Bosque* v. *Munroe*, 168 App. Div. 821.) The papers on which the

attachment was granted clearly contain sufficient allegations to show a cause of action against the defendant in the action. (*Haebler* v. *Bernharth,* 115 N. Y. 459; *Buell* v. *Van Camp,* 119 N. Y. 160; *Bradley* v. *American Butter Co.,* 130 App. Div. 410; *Van Camp* v. *Searle,* 147 N. Y. 150; *Oxford* v. *Seguine,* 70 App. Div. 228; *Allen* v. *Williamsburg Savings Bank,* 69 N. Y. 314; *Hinnemann* v. *Rosenback,* 39 N. Y. 98; *Cole* v. *Dalton,* 6 Daly, 484; *Cudahy Packing Co.* v. *Sioux Falls National Bank,* 75 Fed. Rep. 473; *United States* v. *Green,* 136 Fed. Rep. 618; 199 U. S. 601.)

*H. H. Nordlinger* for respondent. The Phœnix and Third National Bank had standing to move to vacate the attachment herein. The first question certified should, therefore, be answered in the affirmative. (*Trow's Printing Co.* v. *Hart,* 85 N. Y. 500; *Hoorman* v. *Climax Cycle Co.,* 9 App. Div. 579; *First Nat. Bank* v. *Wallace,* 4 App. Div. 382; *Ladenberg* v. *Commercial Bank,* 87 Hun, 269; 146 N. Y. 406; *Edison El. Ill. Co.* v. *Frick Co.,* 221 N. Y. 1; *Conrad* v. *Waples,* 96 U. S. 279; *Corbett* v. *Nutt,* 10 Wall. 464; *Henry* v. *Morgan,* 2 Binn. [Penn.] 497; *Kane Co.* v. *Kinney,* 174 N. Y. 69; *Armstrong* v. *Chisolm,* 99 App. Div. 465.) The papers upon which the attachment was granted were utterly devoid of proof of any of the elements of a cause of action. They were consequently insufficient to confer jurisdiction to issue the warrant. The attachment was hence properly vacated by the Appellate Division, and the third question certified should be answered in the negative. (*Murphy* v. *Jack,* 142 N. Y. 215; *Matter of Peck* v. *Cargill,* 167 N. Y. 391; *Steuben County Bank* v. *Alberger,* 78 N. Y. 252; *First Nat. Bank* v. *Wallace,* 4 App. Div. 382; *Hart* v. *Page Mfg. Co.,* 187 App. Div. 296; *Barbrick* v. *Carrero,* 184 App. Div. 160; *Makepeace* v. *Dilltown S. C. Co.,* 179 App. Div. 662; *Slater* v. *American Palace Car Co.,* 146 App. Div. 859; *Hilborn* v. *Pennsylvania Cement Co.,* 145 App. Div. 442;

*Calmon Asbestos Works* v. *Asbest-Und-Gummiwerke*, 141 App. Div. 198; *American Audit Co.* v. *Industrial Federation*, 80 App. Div. 544; *Delafield* v. *Armsby Co.*, 62 App. Div. 262.)

Pound, J. · This is an appeal, on certified questions, from an order of the Appellate Division, reversing an order made by the Special Term denying a motion made under section 682, Code of Civil Procedure, by a third party to vacate an attachment. The Appellate Division vacated the attachment. The material question is whether an allegation in the complaint that a draft, not alleged to be negotiable, was drawn upon defendant by plaintiff, and " for a valuable consideration " duly accepted by defendant, sufficiently states a cause of action for breach of contract under section 636, Code of Civil Procedure.

The Appellate Division in the first department has repeatedly held that an allegation in a pleading that a contract was made " for a valuable consideration " is a mere conclusion of law and that the particular consideration must be pleaded. (*Fulton* v. *Varney*, 117 App. Div. 572, 575; *Neukirch* v. *McHugh*, 165 App. Div. 406, 409.) The Appellate Division in the third department, on the contrary, has held (*St. Lawrence Co. Nat. Bank of Canton* v. *Watkins*, 153 App. Div. 551, 553) that a more particular allegation of consideration is unnecessary to make a good pleading.

We are of the opinion that the allegation is sufficient, as " a plain and concise statement " of the ultimate, principal and issuable fact of consideration, to permit the proof of the facts showing the actual consideration. (*Sultan of Turkey* v. *Tiryakian*, 213 N. Y. 429.) The Code of Civil Procedure (§ 519) provides that " the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties." In an action on a non-negotiable note it has been held that the words " for value received " make a good averment.

(*Prindle* v. *Caruthers*, 15 N. Y. 425.) That was the common-law form, and at common law facts were pleaded according to their legal effect. These words have a tested efficiency under the Code. The pleader may depend more safely upon a form stabilized by authority than upon his own ingenuity in stating the particular facts in such case. "A very broad and general allegation of consideration" is sufficient. (*National Citizens' Bank of N. Y.* v. *Toplitz*, 178 N. Y. 464, 468.) In pleading on negotiable instruments, by copy, it is unnecessary to allege a consideration, for "every negotiable instrument is deemed *prima facie* to have been issued for *a valuable consideration.*" (Negotiable Instruments Law [Cons. Laws, ch. 38], § 50.) Words which are the equivalent of the presumption should, in actions on non-negotiable instruments, such as drafts, be sufficient. "For a valuable consideration" in legal significance, means "for an equivalent or compensation having value" or "for value received."

The complaint and affidavit gave jurisdiction to the justice who granted the warrant. They show the existence, *first,* of a cause of action on contract upon which an attachment could be founded, and *secondly,* of liquidated damages.

Even in an action for unliquidated damages where evidentiary facts must be stated with some degree of particularity to show a liability of the defendant for the amount stated, in order that the court may say, *prima facie,* that more than nominal damages have been sustained, complaints and affidavits, general in their terms and open to criticism on the ground that facts are loosely stated, have been upheld on applications to vacate, made, not by the defendants, but by other attaching creditors, where it could be fairly said that the allegations of fact were not "vague and inconclusive." The only question is whether the affidavits conferred jurisdiction to grant the warrant. (*Steuben Co. Bank* v.

*Alberger,* 78 N. Y. 252, 258; *Haebler* v. *Bernharth,* 115 N. Y. 459, 464, 465.)   Meticulous particularity in pleading the facts which must be shown by way of evidence to establish a cause of action is neither necessary nor proper. It bewilders the real issue and furnishes no safeguard against imposition or oppression.

The order of the Appellate Division should reversed, with costs in this court and in the Appellate Division, the order of the Special Term affirmed, and the questions certified answered as follows: The first and third questions in the affirmative; the second question as follows: The allegation is one of fact and does not state a conclusion of law.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.